Lessee of HENRY DRINKER *against* SAMUEL HUNTER.

Improvements of, or settlements on lands out of the limits of the Indian purchases, after the 3d February 1768, give no title whatever, nor will they be suffered to go to the jury.

Where lands have been patented, subsequent surveys thereof are merely void, unless in certain instances.

EJECTMENT for 300 acres of land on Penn's creek.

The court after argument, declared that no settlement on or improvement of lands out of the limits of the Indian purchases, after the law of 3d February 1768, gave any pretensions of pre-emption to the parties making them, or shadow of title; nor would the court suffer evidence of such settlements or improvements to go to the jury.

Where lands have been patented, and the titles thereof are free from suspicion, any subsequent surveys of the same lands, under warrants or locations, are merely void in themselves, unless there are strong circumstances of an antecedent possession in the adverse party, or in the instances of surveys made in consequence of the decision of the court of law on a question tried between the parties, or order of the board of property. The improper practice of some surveyors in making such surveys, and afterwards omitting to mention the *former* surveys in their returns, has been the great source of uncertainty of right, litigation and uneasiness, under which Pennsylvania has long labored.

Verdict for the plaintiff.

Messrs. Ingersoll, C. Smith and D. Smith, *pro quer.*

Messrs. Duncan and Walker, *pro def.*

---

Lessee of CHARLES POLLACK *against* REBECCA GILLESPIE and RICHARD MAYHEW.

A witness is competent, tho' another swear he heard him confess he might be a loser, by the event of the suit.

EJECTMENT for 322 acres and 36 perches in Chillesquaque township.

In the course of the trial, Robert M'Neil was offered as a witness on the part of the plaintiff.

The defendants excepted to him on the ground of interest, and produced James Morrow, who swore that M'Neil in conversation with him about seven years before, declared he would be a great loser if the plaintiff miscarried in this action.

The court at first were inclined to think that this was an objection to the competency of M'Neil *prima facie*, but that it might be repelled by other proof; yet on more full consideration they directed him to be sworn. Where one has an interest in another's testimony, the witness shall not be allowed to deprive him of it by

loose declaration, not even by laying a wager on the event of the case. 1 Stra. 652. Comb. 340. 3 Lev. 153 Holt. 754. A person that can answer truly the *voir dire* is a competent witness, and he need not stand indifferent as a juror should. Hardw. Cas. 359. 2 Bac. Abr. 289. It is true, the adverse party may establish his interest, without recurring to his own oath; 10 Mod. 193. 12 Ven. 260 ; but this ought to be by proof of actual interest, not by confessions, without other evidence. If however it should appear that the witness is interested, (1 Term. Rep. 719,) during the course of the trial, it will not be too late then to take the exception by the modern practice.* The objection now made must be restrained to the credit of the witness.

M'Neil was examined accordingly, and denied all kind of interest in the cause.

Verdict for the defendant.

Messrs. Duncan, Walker and Hall, *pro quer*.

Messrs. Clymer, C. Smith and D. Smith, *pro def*.

---

Lessee of ISAAC BEAR and SAMUEL BEAR *against* ANDREW RUSSELL.

Where there are more than one warrant, or order in the hands of a deputy surveyor to be executed on a river or creek, it is his duty to adhere to his instructions as to the proportion of front on such river or creek and the extent back therefrom.

EJECTMENT for 220 acres of land in Washington township.

The plaintiff's title was as follows: An application was entered in the secretary's office, on 3d April 1769, No. 164, in the name of John M'Grath, for 300 acres of land, on the south side of the west branch of Susquehannah, about 25 miles from fort Augusta, including a bottom called Oughcough-Pockany. A survey was made thereon, by Charles Lukens, of 330 acres, and allowance, on the 26th June 1769, which contained a front of 902 perches on the river.

*Caveats* were filed against the return of this survey, and on the 26th March 1770, the board of property on the claims of John Stephens, John Montgomery and John Morgan, against William Plunket, (who obtained a transfer of M'Grath's location on the 21st March preceding,) decided, that the narrow bottom on the river should be divided by Charles Lukens and William Scull, into as many tracts as it would allow of, taking in as much of the back lands as were fit to be taken up, or as the parties should be willing to take into their surveys; and that it

* A witness is competent, though another swears he heard him confess, he was to gain by the event of the suit. 2 Barnard. B. R. 178.