## Sims and Others *v.* Givan.

No confession of interest made by a witness, after a party is entitled to his testimony, can render him incompetent.

To exclude a witness on the ground of interest, he must appear to be interested in favour of the party who calls him.

If the defendant believes the plaintiff's evidence insufficient to sustain the action, he should obtain the decision of the Circuit Court on the subject, by asking instructions to the jury, by a motion for a new trial, or in some other way. Without some such previous proceeding, though the evidence be set out in a bill of exceptions, the Supreme Court can take no notice of the question.

If, in the course of a witness's examination, he appears from his own answers to be incompetent, the party against whom the evidence is given, should move to strike out the testimony. But, if no objection be made below to the evidence, its admission cannot be assigned for error.

ERROR to the *Hendricks* Circuit Court.

Blackford, J.—This was an action on the case by *Givan* against *Sims* and others. The cause of action declared on is, that *Givan* was the owner of a boat and a cargo of salt; that in an attempt to ascend *White River,* between *Spencer* and *Indianapolis,* this property was lost; and that the loss was occasioned by a dam obstructing the navigation of the river, which the defendants had wrongfully erected. To this action, the defendants pleaded not guilty. On the trial of the cause, the defendants objected to one of the plaintiff's witnesses, by the name of *Jones,* as being interested; and undertook to prove his interest by other witnesses. The whole object of the proof was, to show that *Jones* himself was the owner of the property lost. This testimony was rejected by the Circuit Court; and

the plaintiff was permitted to examine the witness. The evidence of *Jones* is set out in the record, and is said to be all the testimony given by the plaintiff, relative to his property in the boat and salt. The jury acquitted one of the defendants, and found a verdict of guilty against the others. A judgment was rendered by the Court, in conformity with the verdict.

To reverse this judgment, it is contended, *first*, that the evidence rejected was sufficient to prove *Jones* to be interested; *secondly*, that the plaintiff's evidence did not show his ownership of the property lost; *thirdly*, that the testimony of *Jones* himself shows him to be interested.

The first objection to the judgment is not sustainable. A part of the evidence offered to prove the witness's interest, consisted of declarations made by him after the cause of action arose. These declarations were of no consequence. No confession of interest made by a witness, after a party is entitled to his testimony, can render him incompetent. *Pollock* v. *Gillespie*, 2 Yeates, 129. Independently, however, of this consideration, applicable only to a part of the proof offered, there is a valid objection which applies to it all. To exclude a witness on the ground of interest, he must appear to be interested in favour of the party who calls him. Peake's Ev. 160. The defendants only proposed to prove, that the property lost belonged to the witness. That evidence was not sufficient to exclude him. If the property belonged to the witness, it is not to be presumed that he would wish to see the compensation for its loss go into the pocket of the plaintiff. His feelings would more probably be the other way. He might therefore not be a competent witness, if called by the defendants; and yet, at the same time, be the best the plaintiff could produce.

In the case of an indorsee against the acceptor of a bill, the defendant called the indorser to prove that the bill belonged to the indorser himself, and not to the plaintiff. The witness was adjudged to be interested to defeat the action, and was accordingly rejected. *Buckland* v. *Tankard*, 5 T. R. 578. This authority proves, that, had the witness in the case before us been called by the defendants, the plaintiff might have objected, that as the witness claimed the property lost, he was interested in defeating the action. But this reason for the witness's incompetency, when called by the defendants, shows that they

Nov. Term,
1831.

Sims
v.
Givan.

could not object to him as the plaintiff's witness,—his interest being in their favour and against the party calling him. The legatee in a will, for example, is not a competent witness at common law to support the will, because it is his interest to support it; but he is a good witness to disprove the will, for he then swears against his interest. *Oxenden v. Penerice*, 2 Salk. 691. In a suit against a sheriff for the misconduct of his bailiff, the latter is an incompetent witness for the defendant, it being his interest to defeat an action, the success of which makes him liable to his principal. But the bailiff is an unobjectionable witness in such a case, when called by the plaintiff, because his interest is against the action. Arch. Plead. 439. These authorities show, that the defendants' objection to the witness is without foundation. The witness's interest, arising from his claim to the property lost, is against the action, and can be no objection to him, when called by the plaintiff.

There was no proof offered, that *Jones* was to have any part of the damages which might be recovered; or that he was to be liable to the plaintiff if the action failed; or that he had any other interest in the plaintiff's success. The objection made to his competency was, therefore, correctly overruled. The most of the evidence offered to prove the incompetency of *Jones* as a witness, and properly rejected as inadmissible for that purpose, was legal testimony for the defendants on the trial of the merits. If they could prove that the property belonged to *Jones*, and not to the plaintiff, they would defeat the plaintiff's action, by showing he had no right to recover. In that way alone, they were entitled to the admission of the evidence referred to; and it does not appear that that right was denied them.

The next objection to the judgment is, that there was not sufficient proof, that the property lost belonged to the plaintiff. The evidence given on this point is set out in the record by a bill of exceptions; but no opinion of the Circuit Court, with respect to its sufficiency, appears to have been expressed or asked for. The defendants, if they believed the evidence insufficient to sustain the action, should have obtained a decision of the Circuit Court on the question, by asking instructions to the jury, or by a motion for a new trial, or in some other mode.

Without some such previous proceeding, it is impossible for this Court to take any notice of the subject.

The last objection to the judgment is, that an incompetent witness was examined, as appears by his own evidence on the record. The practice in these cases is, that if, in the course of the witness's examination, he appears from his own answers to be incompetent, the opposite party moves to strike out his testimony. There was no motion of this kind, made in the Circuit Court by the defendants; but they have chosen to submit the objection, in the first instance, to the consideration of this Court. We have no authority, under those circumstances, to examine the question.

The judgment in favour of the plaintiff below must be affirmed.

*Per Curiam.*—The judgment is affirmed, with 5 *per cent.* damages and costs.

*Fletcher* and *Gregg*, for the plaintiffs.
*Wick*, for the defendant.