HOUGH v. HAMLIN ET AL.

1. **Usury:** BURDEN OF PROOF: EVIDENCE. The burden of showing that any particular transaction was usurious, is upon the party pleading usury by way of defense. The evidence in this case considered and held not sufficient to establish the defense of usury.

*Appeal from Floyd Distict Court.*

MONDAY, DECEMBER 12.

ACTION to foreclose a mortgage.　Defense, usury.　Trial to the court, judgment for plaintiff, and defendants appeal.

*George F. Boulton*, for appellants.

*Hand & Spriggs*, for appellee.

SEEVERS, J.—The note to secure which the mortgage was given was executed by defendants, Comfort Hamlin and wife.

1. USURY: burden of proof: evidence.

The note was payable to C. B. Hamlin, or order, and he indorsed it to James Shaw, who indorsed it to the plaintiff. The defendants claim that while the transaction between them and Shaw was in form a sale of the note and mortgage, it in fact was a loan of money. The sale being a mere devise to evade the statute enacted to prevent usury, the burden to establish the defense is on the defendants. The arrangement with Shaw was made by C. B. Hamlin. They are the only material witnesses. Hamlin testifies he applied to Shaw for a loan and that a sale of the note and mortgage was agreed upon to enable Shaw to obtain more than ten per cent per annum. This is denied by Shaw and he testifies he purchased the note. There is no evidence which materially corroborates either of these witnesses. We cannot therefore say the defense pleaded has been established. It is said the evidence of Shaw is equivocal and that he gave irresponsive answers to the questions asked him. While this may be partially true as to some incidental matters, as to the main question his testimony is of a positive character. We do not under the circumstances think we would be justified in saying he had committed perjury. The more charitable view should be adopted, that he and Hamlin undertsood the transaction differently. The defendants sought to prove by one Hecht, or Hatch, that Shaw had paid him the money instead of Hamlin. This evidence was rejected. It is said this is a circumstance tending to show the usurious nature of the transaction. We think the evidence would not have had this tendency and that it was not material.

The witnesses had a mortgage on the premises and one ob-

ject in getting the money was to pay such previous mortgage. It was, therefore, legitimate and proper to pay the money to him in liquidation of his mortgage and this was the expectation of both parties. It is not claimed that Hamlin did not get all the money over and above the previous incumbrances.

AFFIRMED.