M. E. AMMERMAN, Appellee, v. JAS. C. ROSS,
                    Appellant.

Interest: BROKER'S COMMISSION: USURY. The fact that a sum, charged
    as commission by one having in his hands the money of another to
    loan, is included in the note given by the borrower, is not sufficient
    evidence in itself to charge the lender with notice that usurious
    interest has been charged.

*Appeal from Dallas District Court.*—HON. A. W.
                    WILKINSON, Judge.

WEDNESDAY, JANUARY 27, 1892.

ACTION in equity for a judgment on a promissory
note, and for the foreclosure of a chattel mortgage
given to secure the payment of the note. There was a
defense of usury. It was determined that the claim of
usury was not established by the evidence, and a judg-
ment and decree were entered for the plaintiff, as
prayed in the petition. The defendant appeals.
*Affirmed.*

*M. H. Baugh* and *R. S. Barr*, for appellant.

*Cardell & Nichols*, for appellee.

ROTHROCK, J.—It appears from the evidence that
in the year 1886 Marshal Ammerman and Adolphus
Ammerman were partners in business as merchants and
loan brokers at Perry, in Dallas county. They were
not loaning their own money, but the money of others.
On the twenty-second day of February, 1886, the
defendant made an application to said Marshal
Ammerman for a loan. The amount of money which
the defendant required was three hundred fifty dollars.
Ammerman paid the defendant three hundred fifty
dollars, and took his promissory note for three hundred

sixty-seven dollars and fifty cents, payable to the
order of M. E. Ammerman in one year from date,
with interest at the rate of ten per cent. per annum.
At the end of the year the note was extended for a
year by contract between the parties, and five per cent.
was added in addition to the ten per cent. named
in the face of the note. Certain payments were after-
wards made on the note, and a new note was taken, in
which the sum of five per cent. was included in addition
to ten per cent. interest. When the first note was
taken, the defendant executed a chattel mortgage to M.
E. Ammerman to secure the payment of the note. The
mortgagee was named in the mortgage as M. E.
Ammerman, "of Marion, Iowa;" and the mortgagee
was further named in the mortgage as "M. E. Ammer-
man, her heirs and assigns." Marshal Ammerman was
not at that time loaning any money of his own. The
money he loaned to the defendant belonged to his
mother, M. E. Ammerman, and the note was made
payable to her.

The defendant claims, and he so testified as a
witness, that, when he borrowed the money, he believed
that the note and mortgage were made to the man he
did business with, and not a woman, whose residence
was in Marion, Iowa, and that he did not know that
the five per cent. added to the legal rate was a commis-
sion charged by Marshal Ammerman for procuring the
loan for him from another  A careful examination of
the evidence leads to the conclusion that the decided
preponderance of the evidence is to the effect that the
defendant knew when he borrowed the money, and at
each renewal, that he was not borrowing of Marshal
Ammerman, and that the five per cent. in addition to
the ten per cent. interest was a commission to Marshal
Ammerman for procuring the loan for him. We need
not set out the evidence in detail.

The only real question in the case is, did M. E.
Ammerman place her money in the hands of her son,

intending that he should loan it out for her at usurious interest? There is no evidence that she did. It was incumbent on the defendant to establish his defense of usury by a preponderance of evidence. *Hough v. Hamlin*, 57 Iowa, 359. As there is no evidence that M. E. Ammerman authorized the loaning of her money at more than the legal rate, the presumption is that she did not intend to do so, or as is said in *Gokey v. Knapp*, 44 Iowa, 32, "an authority to violate the law will never be presumed." That case is, in its facts and in principle, very much like the case at bar.

Counsel for the appellant place much stress upon a statement of Marshal Ammerman, in his testimony in the case, in reference to the manner in which he received his commission, in which he said, "I got that of my mother." It is claimed that this statement shows that the plaintiff had notice of the usurious character of the contract. But it is evident from the whole of the testimony of the witnesses that he did not receive the seventeen dollars and fifty cents, or five per cent. commission, from her, as a separate transaction. Her money was in his hands to loan; and, taking his testimony throughout, it shows that he merely retained the commission from the amount in his hands. Indeed, he expressly so stated. There is nothing in his testimony tending to show that the plaintiff knew anything more than that a loan of three hundred and sixty-seven dollars and fifty cents was made to the defendant.

A statement of the facts in this case shows that it is essentially different in principle from the case of *Erickson v. Bell*, 53 Iowa, 627, which is relied on by the defendant. In that case the note for the borrowed money was made payable to the agent, and the borrower had no knowledge that the person from whom he borrowed the money was acting for another. It was held that the borrower could avail himself of the defense of usury. In the case at bar the defendant knew that Marshal Ammerman was acting as an agent, and knew

that he exacted a commission of the defendant for procuring the loan for him.

The judgment and decree of the district court will be AFFIRMED.