### GOWER v. HOWE.

PARTIES—MORTGAGE.—The assignment of a note secured by mortgage carries the security with it, and it is not, in an action to foreclose the mortgage, necessary to make the assignor of the note a party.

CHANGE OF VENUE.—Where a change of venue is granted upon payment of costs within a specified time, and the party fails to pay the costs and perfect the change within the time, the Court may proceed to the trial of the cause, as if no change had been asked for.

APPEAL from the *Noble* Common Pleas.

HANNA, J.—Suit on a note, and to foreclose a mortgage. Demurrer to the complaint, assigning a special cause, to wit, that one *Cable* was not made a party—overruled.

The point made upon this ruling is, that as *Cable* was shown to be the assignor of the note, he could not transfer

the mortgage, at that time, so as to enable the assignee to sue in his own name; and therefore he should have been a party to answer to the assignment, &c. It is a sufficient answer to this, that the assignment of the note—the evidence of the debt—carried with it the security, the mortgage.

The defendant applied for a change of venue to another county, which was granted upon payment of costs, &c. At the next term of the Court, the defendant had not perfected his change—had not complied with the condition by paying the costs and filing a transcript within the time specified. He had lost his right to the change, under that application, and the Court was not, as he supposes, deprived of jurisdiction, and was, so far as we can see, right in proceeding to the trial in the absence of any sufficient reason to prevent it.

It is now, for the first time, objected here, that a copy of the mortgage does not appear in the record. No such question was made in any form in the Court below, and whether it could be raised here now, we need not say, as an amended record supplies the defect.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*Robert Parrett* and *A. B. Kennedy*, for the appellant.