*W. C. L. Taylor* and *W. C. Wilson,* for appellee.

---

### FEWELL AND OTHERS v. KESSLER.

MORTGAGE —*Foreclosure.*—*Judgment.*—A note secured by mortgage on real estate was surrendered, and the mortgage satisfied of record by the mortgagee, upon the representation of the mortgagor that he had conveyed the mortgaged property to a third person, from whom the mortgagee thereupon accepted a new mortgage on said real estate for the debt.

*Held,* that the deed from the original mortgagor to such third person, the parties thereto being satisfied that it should stand, could not be disturbed at the instance of the mortgagee, seeking to revive and foreclose the first mortgage.

DEED.—*Delivery of.*—The parties to a deed of conveyance of real estate had it prepared, and agreed that it should be signed and acknowledged and left with a justice of the peace for the grantee, all of which was done.

*Held,* that there was a good delivery of the deed.

APPEAL from the Jefferson Common Pleas.

FRAZER, J.—This case presents some novel features, and some questions which are quite plain and easy of solution. Kessler sued Sandford Fewell and wife, Troup and wife, and Elizabeth Fewell, alleging in his complaint that Sandford and Elizabeth Fewell had made to him their promissory note, overdue when the suit was brought, for seven hundred dollars, and a mortgage to secure it, on eighty acres of land, in which Fewell's wife had joined; that subsequently the note was surrendered to Fewell, and the mortgage satisfied of record, in consequence of representations

by the Fewells that Sandford had conveyed forty acres of the land mortgaged, to Troup, and by promising that Troup owed Sandford for said land more than seven hundred dollars, and that Troup would make his note to the plaintiff for the indebtedness from the Fewells to the plaintiff, and a mortgage on the land so sold to Troup and another tract owned by Troup; that in fact Fewell never conveyed the forty acres to Troup, nor was the latter indebted to Fewell, as represented; that Troup executed to the plaintiff the new mortgage, as had been agreed, but no note; that Troup has no title to the forty acre tract which Fewell was to have conveyed to him; that the other tract embraced in Troup's mortgage to the plaintiff was and is incumbered to its full value, though Troup and the Fewells represented that it was not incumbered, and the plaintiff knew nothing of such incumbrances. A foreclosure of the original mortgage from Fewells was prayed, that the release thereof be set aside, &c. The mortgage by Troup was brought into court, to be cancelled as the court should direct. Issues were formed, and the cause tried by the court. There was a special finding of facts and conclusions of law thereon, and a judgment foreclosing the Fewell mortgage, cancelling the Troup mortgage, and cancelling and setting aside a deed from Fewells to Troup for the forty acres, though both those parties resisted. It ought to be well understood that if Fewell and Troup were satisfied that the deed from the former to the latter should stand, the court had no authority, at the plaintiff's instance, to disturb it. The court found from the evidence, that that deed had never been delivered, though the proof was that the parties to it had had it prepared, and had agreed that it should be signed and acknowledged, and left with a justice of the peace for Troup, all of which was done. Nothing is plainer in the law than that such facts constitute a good delivery of a deed. It was controverted by the answer that Troup was to have given a note to the plaintiff for the Fewell indebtedness, and upon that subject there was evidence in the

negative as well as the affirmative, and the court found it in the affirmative. This, however, cannot save the judgment below. For the reasons already stated, there must be a new trial.

There has been some controversy here about two bills of exceptions, and the power of the court below to put the second of these upon the record. This point is wholly immaterial to the question upon which the case turns, as both bills are, as to that, substantially alike. It may, however, be said with propriety, that the facts before us entirely acquit counsel of dishonorable proceedings concerning these bills.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*E. R. & J. L. Wilson*, for appellants.

*H. W. Harrington* and *C. A. Korbly* for appellee.