*J. D. Osborn,* for appellant.

*J. H. Baker* and *J. A. S. Mitchell,* for appellee.

---

## JACKSON *v.* SNELL and Others.

VENDOR AND PURCHASER.—*Injunction.*—Where, the purchaser of real estate having taken from the vendor his agreement to convey the same to said purchaser upon final·payment of the purchase-money, and having received possession of the land under the contract, and having given his promissory notes governed by the law merchant to the vendor for the unpaid purchase-money, the vendor sells and assigns said notes before maturity, said real estate cannot be subjected to the payment of a judgment rendered against the vendor, retaining the legal title, after such assignment; and the sale of the land under an execution issued on such judgment will be enjoined at the suit of said purchaser.

APPEAL from the Madison Circuit Court.

DOWNEY, J.—The only error assigned in this case is the sustaining of a demurrer to the complaint. The complaint was filed by Jackson against Snell, as sheriff, and certain other persons, as execution plaintiffs, to prevent, by injunction, the sale of certain real estate on execution. The suit

was commenced in the common pleas and transferred to the circuit court, because the title to real estate was, or was supposed to be, brought in question.

The facts are, that on the 4th day of September, 1865, the plaintiff bought of one Andrew Jackson certain real estate, and took from him an agreement to convey, on the final payment of the purchase-money, which amounted to thirty-two thousand three hundred and forty dollars, as per promissory notes given, one for $10,782.33, due in twelve months; one for $10,782.33, in two years; and one for $10,782,33, in four years, negotiable and payable at the Branch of the Bank of the State at Indianapolis; that the plaintiff took, and has ever since the date of said agreement held possession of said real estate, except the part sold by him and conveyed by Andrew Jackson by his order.

The complaint then alleges the recovery of sundry judgments by divers persons against Andrew Jackson, in 1867 and 1868, the issuing of executions thereon and their levy on part of the land so purchased by the said plaintiff, and advertising the same for sale. The real estate levied on consists of six tracts, and it is alleged that the last named one is worth in cash forty thousand dollars, and more; while the total of the execution is only seven thousand seven hundred and sixty dollars, besides costs; that all of said real estate is susceptible of division; that some of the executions were *functi officio*, having been in the sheriff's hands more than six months; that he had paid of the purchase-money for said real estate, twenty thousand dollars, and the residue of the notes for the balance of the purchase-money had all been sold and assigned by said Andrew Jackson, and are governed by the law merchant, and were assigned before they became due; that judgment was obtained against him at the September term, 1868, of the common pleas of said county, for over six thousand dollars; and that said payments were made and said notes assigned before he had any actual notice that the judgments on which the executions were issued were obtained, and the most of said payments were

Jackson *v.* Snell and Others.

made before any of said judgments were obtained, and said notes assigned *before any of said judgments were obtained,* as he is informed and believes; that the said Andrew Jackson is only surety for other parties in one of the judgments, the other parties having property out of which the judgment might be made; that said Andrew. has commenced his action to have himself declared surety and for an order that the property of the principals shall be first sold, &c.; that he bought all of said real estate in good faith, without intending to cheat any one, paid the full value thereof at the time, is an innocent purchaser, having no notice of any lien or claim of any person on the same at the time of his purchase, and all his payments have since been made in good faith, and without any intent to defraud any person; that, as he is informed and believes, he has no defense against the payment of the residue of the purchase-money, in any action on the residue of the notes; that one tract of thirty acres of the real estate levied on, described in the complaint, is worth eight thousand dollars, being more than all the judgments levied on the entire lands; and that the sheriff has made the levy at the request of said plaintiffs in said judgments.

Wherefore he prays the court to grant a restraining order prohibiting the said sheriff from selling said real estate, and that the court will, on the final hearing, grant a perpetual injunction, and set aside the levy as excessive; and in the case where the said Andrew Jackson is surety only, restrain the sheriff from selling his property until the property of the principals shall have been sold. This complaint was verified by the complainant.

In *Garr* v. *Lockridge,* 9 Ind. 92, it is decided, that the estate which the vendor has in lands contracted to be sold, but not conveyed, is subject to the lien of judgments obtained against the vendor after the contract of sale, for the amount of the purchase-money unpaid. This must mean, of course, the purchase-money yet due to the vendor. In this case, the vendor, Andrew Jackson, had retained the legal estate as security for the ultimate payment of the purchase-money.

But this lien or security for the payment of the purchase-money had passed from him before the rendition of the judgments and accompanied the promissory notes, which he had assigned away, and which, being negotiable as inland bills of exchange, might be enforced against the plaintiff or against the land at their maturity. That the lien of the vendor was assignable and passed with the notes, is decided in *Brumfield* v. *Palmer*, 7 Blackf. 227; *Fisher* v. *Johnson*, 5 Ind. 492; *Kern* v. *Hazelrigg*, 11 Ind. 443; *Johns* v. *Sewell*, 33 Ind. 1.

In *Amory* v. *Reilley*, 9 Ind. 490, this court say, "Where the original vendor has not parted with the legal title, it must be intended that he holds it as security for unpaid purchase-money; and all the incidents of a mortgage, so far as the lien is concerned, attach to the contract of sale. An unpaid vendor" (and we may add, or his assignee) "is entitled to proceed as a mortgagee."

It is well settled, that the assignment of a debt secured by a mortgage carries with it the mortgage security, and where there are several notes secured by the same mortgage, and they are assigned to different persons, the security is distributed accordingly, and the mortgage becomes or continues security for them all, with priotiy according to the order in which they mature. *Gower* v. *Howe*, 20 Ind. 396; *Sample* v. *Rowe*, 24 Ind. 208.

But Andrew Jackson had no longer any interest in the lands, even as a mortgagee; for he had parted with the indebtedness for which he held the land as a security. He had no interest in the land except as a trustee of a naked trust. See *Johnson* v. *Cornett*, 29 Ind. 59.

Conceding the facts as stated in the complaint, which must be done for the purposes of a decision of this question, and we think the sheriff's sale ought to have been enjoined.

The judgment is reversed, with costs, and the cause remanded, with directions to overrule the demurrer.

*W. R. Pierse* and *H. D. Thompson*, for appellant.

*J. W. Sansberry*, for appellees.