# IN GENERAL TERM. 1873.

LEVI C. HILLMAN, Appellant, *v.* JOHN STUMPH, ET AL.

MORTGAGE—*assignment of*—
MORTGAGOR—*rights of—on record*—
RECORD—*satisfaction of mortgage.*

Mortgagors have the right to insist that an entry of satisfaction of their mortgage be made on the records in the Recorder's office upon tendering payment in full, or upon furnishing sufficient evidence of the cancellation of the mortgage, and where the record does not show that the interest of the mortgagee has been, by assignment, acquired by an assignee, a tender of the amount due to the mortgagee is good, and in suit for a judicial satisfaction the mortgagors are entitled to costs against the assignee, which were occasioned by his own negligence in not providing himself with authority to satisfy the mortgage record on payment of the debt.

*Adams, Dye & Harris,* for appellants.

NEWCOMB, J.—Stumph and Lefever executed three promissory notes, payable at different periods, and a mortgage on real estate to secure the same, to one Gilbert. The mortgage was duly recorded, after which the note last payable was assigned by Gilbert to one Jesse Jones, and by the latter to the plaintiff. The mortgage was never assigned by Gilbert. The notes were all paid except the last. When that became due, Stumph, one of·the mortgagors, offered and was ready to pay it to Jesse Jones, plaintiff's attorney in fact, but demanded of the latter that on payment being made the mortgage should be satisfied of record, and refused

to pay unless such satisfaction were entered at the time of payment. Thereupon the plaintiff commenced a suit for judgment on the note, and a foreclosure of the mortgage. On entering their appearance Stumph and Lefever answered, setting up the prior tender, coupled with the demand for record satisfaction of the mortgage, and brought the principal and interest due into Court, to be paid to plaintiff on satisfaction of the mortgage being entered of record. The Court thereupon rendered judgment of foreclosure, directed the money paid in by defendants to be applied, first to the discharge of the costs made in the cause, and ordered the residue to be paid to plaintiff, and that satisfaction of the mortgage should be entered on the margin of the record thereof, by the Clerk, and that he should enter satisfaction of the judgment.

The facts and conclusions of law therein, were set out in a special finding by the Court, and the plaintiff duly excepted to the conclusion of law found by the Court, that costs should be taxed against the plaintiff. This presents the only question in the case.

The following statutory provisions concerning the satisfaction of recorded mortgages, are found in " An Act concerning mortgages," 2 G. & H. 355, Sec. 5. " Every mortgagee of lands whose mortgage has been recorded, having received full payment of the sum or sums of money therein specified, from the mortgagor, shall, at the request of such mortgagor, enter satisfaction on the margin, or other proper place in the record of such mortgage, which shall operate as a complete discharge thereof."

" Sec. VI. Where such mortgage has been paid and satisfied by the mortgagor, he may take a certificate thereof, duly acknowledged by the mortgagee, or his lawful agent, as herein required for the acknowledgment of conveyances to entitle the same to be recorded; which certificate and acknowledg-

Hillman *v.* Stumph *et al.*

ment shall be recorded by the Recorder in whose office such mortgage is recorded, with a reference to the book and page containing the record of the mortgage aforesaid ; and such recorded certificate shall forever discharge and release the mortgagor from such mortgage, and forever bar all suits and actions thereon."

By Section I, of the act of March 9, 1861, 2 G. & H., 294, it is provided, "that upon the foreclosure of any mortgage," etc., " and upon the payment and satisfaction of such judgment as may be rendered in such proceeding in foreclosure, in said Court, the Clerk thereof shall immediately thereafter enter satisfaction of said mortgage, on the records of the Recorder's office of such county, if the same shall have been recorded ; *Provided*, that the record in foreclosure, and satisfaction thereof, shall show that the whole debt secured by such mortgage has been paid."

The assignment of the notes mentioned in the mortgage transferred an equitable interest in the mortgage itself to the assignee.  *Gower* v. *Howe*, 20 *Ind.*, 396 ; *Sample* v. *Rowe*, *et al.*, 24 *Ind.*, 208.   In the latter case it was held that where more than one obligation is secured by the mortgage, each is considered a separate mortgage, and the assignment of one or more of such obligations will carry with it so much of the mortgage.   But there is no statutory provision that the assignee of an obligation secured by mortgage, may enter satisfaction on the record of such mortgage, when the record itself does not show that he has acquired an interest in the mortgage.   The entry of satisfaction in such case by the assignee of a note, would not of itself, therefore, furnish sufficient evidence of the cancellation of the mortgage. The mortgagors were entitled to have such satisfaction of the mortgage entered on the record in the Recorder's office, on making full payment thereof, and we think they had a right to insist upon such entry when tendering payment.

They ought not to be required to pay the debt and afterwards be driven to a suit to remove the record evidence of an incumbrance on their property which they had already discharged.    It was no fault of theirs that the holder of the note had not provided himself with authority from the mortgagee to discharge the mortgage of record on receiving payment of the note.    It would be unjust to subject the mortgagors to the costs of a foreclosure rendered necessary for the protection of their title in consequence of the neglect of the plaintiff to provide himself with authority to satisfy the mortgage record on payment of the debt secured thereby. The simple process of taking a properly acknowledged power of attorney from the mortgagee when the note was assigned, authorizing him to satisfy the record, would have obviated the difficulty.    Perhaps an assignment of the mortgage, acknowledged before a proper officer, would have entitled the assignment to record, and clothed the purchaser of the note with authority to discharge the mortgage of record, but as that question does not arise, we decide nothing in reference to it.    The facts set out in the special finding, show that there were but two methods by which record evidence of satisfaction of the mortgage could be obtained; one by payment of the note and a subsequent suit against the mortgagee and his assignee to have a judicial satisfaction decreed; the other, by a foreclosure in which the Court could direct the Clerk to enter satisfaction in accordance with the provisions of the statute above quoted.    In our judgment the mortgagors might properly elect the latter proceeding, and, not being themselves at fault, they were entitled to costs against the plaintiff, which were occasioned by his own negligence.    The judgment at Special Term is therefore affirmed, with costs.