RICHARDSON & MAY VS. HAMLETT AND WIFE, ET AL.

`33 237`
`77 108`

VENDOR AND VENDEE: *Mortgage: Agreement for purchase money will be enforced.*
An agreement between the vendor and vendee, that the latter shall execute to the former a mortgage upon the land, to secure payment of the purchase money, will give the vendor or his assignee the same rights in equity as if the mortgage had been executed.

APPEAL from *Chicot* Circuit Court in Chancery.
Hon. T. F. SORRELLS, Circuit Judge.
*Reynolds*, for appellants.
*Rose, contra.*

HARRISON, J.:

This was a suit in equity by Richardson & May, the appellants, against John C. Hamlett and Alice R. Hamlett, his wife, and James W. Abell and Emma G. Abell, his wife, the object of which was to establish and enforce a lien on certain lands for the payment of a note given for purchase money.

The complaint alleges that Samuel P. Weisiger, in his individual capacity and also as executor of Lucy Weisiger, deceased, and Thomas N. Lindsey, on the 22d day of September, 1873, sold the lands to John G. Morgan for $12,000—for $4000 of which sum the said Morgan gave them drafts on T. H. and I. M. Allen & Co. of New Orleans, and for the remainder, two notes for $4000 each, payable respectively in one and two years, from the 1st day of January, 1874, bearing 8 per cent.

interest from the latter date until paid ; and that the said Weis iger and Lindsey executed to him a deed for the lands.

That it was in the sale and purchase of the lands also agreed that Morgan should execute to the vendors a mortgage on the lands, to secure the payment of the drafts and notes, which agreement was stated in the deed, but that the mortgage was never executed.

That Morgan died in 1875, intestate, leaving a widow, Emma L. Morgan, and the said Alice R. and Emma G., and Lula L. Morgan, who is an infant, his heirs at law, and that the said John C. Hamlett is the administrator of his estate.

That the said Emma L. Morgan, in consideration of the transfer to her and the said Lula L. of certain property belonging to his estate in Alabama, and other matters not stated, released to the defendants her dower, and as the guardian of said Lula L. her interest also, in the lands and other property of the said John G. Morgan's estate in Arkansas. That the defendants are in possession of the lands. That the drafts and the note first due, have been paid. And that the plaintiffs are the assignees and holders of the second or last note, which with the exception of $840.48, paid on the 10th day of May, 1876, is still due and unpaid.

The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The court sustained the demurrer, and dismissed the complaint.

Had there been no agreement for a mortgage or other security, there could be no question that the vendors would in equity have had a lien on the lands for the purchase money, which, as it appears upon the face of the deed, that the purchase money was not paid, would have enured to the plaintiffs upon the assignment of the note to them, according to the provisions of sec. 564, Gantt's Digest (Act, 1873). Yet,

Richardson & May vs. Hamlett and Wife et al.

though they contracted for a different security, from which the presumption arises that it was not their intention to rely on that, the failure of the vendees to give the mortgage, did not have the effect to deprive them of the security bargained for, much less of all security whatever.

Equity looks upon that as done, which ought to have been done. Judge Story says: "All agreements are considered as performed, which are made for a valuable considaration, in favor of persons entitled to insist upon their performance. They are to be considered as done at the time, when, according to the tenor thereof, they ought to have been performed. They are, also, deemed to have the same consequences attached to them; so that one party, or his privies, shall not derive benefit by his laches or neglect; and the other party, for whose benefit the contract was designed, or his privies, shall not suffer thereby." 2 Story Eq. Jur. sec. 64 g; 1 Perry on Trusts, sec. 231; *Craig* v. *Leslie*, 3 Wheat. 563; *Atwood* v. *Vincent*. 17 Conn. 565; *Jackson* v. *Small*, 34 Ind. 241.

The rights of the plaintiffs are, therefore, the same as they would have been, had the mortgage been executed in accordance with the agreement.

Under what authority Lula L. Morgan's interest was released by her guardian, does not appear, but that is not a matter for our consideration. Not being a party to the suit, her rights, whatever they may be, will not be in any way affected by the decree, it being a principle everywhere admitted, that the rights of no one shall be decided in a court of justice, unless he be present.

We are of the opinion that the complaint does contain sufficient equity, or such facts, as constitute a cause of action, and that the demurrer ought to have been overruled; the decree is therefore reversed, and the cause remanded for further proceedings.