Wiles *v.* Lambert.

---

## WILES v. LAMBERT.

**PRACTICE.**—*Demurrer waived.*—*Amendment.*—Where, after a demurrer has been overruled to a pleading, an additional paragraph is filed, containing the same averments, a failure to demur thereto renders the ruling on such demurrer harmless.

**SAME.**—*Uncertainty in Pleading.*—*Demurrer.*—*Motion.*—Uncertainty in a pleading is reached, not by demurrer, but by motion to make certain.

**SAME.**—*Special Demurrer at Common Law.*—Under the practice act, a motion to make certain takes the place of, but is somewhat broader than, a special demurrer at common law.

**SAME.**—*Defective Complaint Cured by Verdict.*—Under section 580 of the practice act, many defects in a pleading are cured by verdict.

**SAME.**—*Defects in Complaint Aided by Answer.*—In an action to enjoin the sale of land on execution, an insufficient description, in the complaint, of the judgment on which the execution was issued, is cured by an accurate description thereof in the answer.

**SAME.**—*Presumption Sustaining Instruction.*—*Supreme Court.*—Where, on appeal to the Supreme Court, the evidence is not in the record, but, under the issues, evidence might have been given to which the instructions would have been applicable, the presumption is that such evidence was given.

From the Huntington Circuit Court.

*W. H. Trammel*, for appellant.

*J. C. Branyan* and *C. W. Watkins*, for appellee.

PERKINS, J. — The appellee sued the appellant, the sheriff of Huntington county, to obtain an injunction upon the sale of certain real estate upon which he had levied executions.

No objection, by motion or demurrer, was taken to the complaint.

Answer. No objection was taken thereto.

Reply in one paragraph.

Demurrer thereto overruled, but the defendant thereupon filed, by leave of the court, a second paragraph of reply, covering the allegations made in the first and also making additional allegations, to which no objection was taken, so that the ruling on the demurrer to the first paragraph became unimportant.

Trial by jury; verdict for the plaintiff; motion for a new trial overruled; and judgment on the verdict. Appeal to this court, where the following assignment of errors is made:

1.  The complaint does not state a cause of action;

2.  The first paragraph of reply was bad;

3.  The second paragraph of reply was insufficient;

4.  The court erred in overruling the motion for a new trial.

We consider the assignments of error.

The complaint was open to a motion for greater certainty, and perhaps would not have been held good on demurrer. *Trueblood* v. *Hollingsworth*, 48 Ind. 537.

Section 90 of the code of pleading and practice is as follows:

"In the construction of a pleading for the purpose of determining its effects, its allegations shall be liberally construed with a view to substantial justice between the parties; but when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defence is not apparent, the court may require the pleading to be made definite and certain by amendment."

A motion for such amendment takes the place, under the code, of a special demurrer at common law, and is, perhaps, somewhat broader in its scope.

But though the complaint in this case might have been bad on demurrer, it is good after verdict.

Section 580 of the code, 2 R. S. 1876, p. 246, declares that :

" No judgment shall be stayed or reversed, in whole or in part, by the Supreme Court for any defect in form, variance or imperfections, contained in the record, pleadings, process, entries, returns or other proceedings therein, which by law might be amended by the court below; but such defects shall be deemed to be amended in the Supreme Court; nor shall any judgment be stayed or reversed, in whole or in part, where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below."

Under this section, especially the last clause of it, many defects are held to be cured by verdict. *Scott* v. *Zartman*, 61 Ind. 328.

But in this case we need not rely upon the above section of the statute. The material defect in the complaint was, that the judgments on which the executions in the hands of the sheriff issued were not sufficiently described to show their validity ; but the answer of the defendant set them all out, accurately and fully, and, in addition, made copies of them exhibits, etc. Thus, the defect in the complaint was substantially aided by the subsequent pleading. 1 Chit. Pl. 703; *Watkins* v. *Gregory*, 6 Blackf. 113, and cases cited in note 1, appended to that case.

What we have said disposes of the first three assignments of error.

The fourth is the overruling of the motion for a new trial. The legal grounds assigned in the motion for a new trial were :

1. Verdict contrary to the law and the evidence ;

2. The court erred in giving the two instructions asked by the plaintiff.

The evidence is not in the record. There is nothing in the record showing that the judgments on which the executions mentioned, and the sale upon which was sought to be enjoined, were ever signed by the court. See Bicknell Civil Pr., p. 304; 2 R. S. 1876, p. 10, sec. 22.

In the absence of the evidence, we cannot say that the verdict was contrary to the evidence and the law.

It is doubtful if the ground of error in giving instructions is not too general to be noticed; but we copy the instructions:

" 1. If the jury believed, from the evidence, that the plaintiff, Lambert, had bought the land in good faith, before the 11th day of January, 1876, and had entered into possession of the same, although he may not have had a deed for it, and that he still owned the same at the time this suit was commenced, then they must find for the plaintiff.

" 2. A deed is delivered when the same is handed into the recorder's office for record, provided the party to whom the deed is made directs the same to be left there for him."

Exceptions were entered. See 1 R. S. 1876, p. 367, sec. 29. The facts of the case, as shown in evidence, might have been such that, as applicable to them, the instructions given would have been correct. *Jackson* v. *Snell*, 34 Ind. 241; *Taylor* v. *McClure*, 28 Ind. 39; *Fewell* v. *Kessler*, 30 Ind. 195.

The judgment is affirmed, with costs.

## On petition for a rehearing.

Scott, J.—It is intimated in the original opinion in this case, that "perhaps" the complaint "would not have been held good upon demurrer." The appellant, in the petition

for a rehearing, makes this point : That there was a demurrer to the reply and this demurrer was overruled, and that, as the demurrer brings in review all the pleadings, it ought to have been sustained to the complaint. But, upon a re-examination of the complaint, we are of the opinion that the complaint was good.

The petition for a rehearing is therefore overruled.

Original opinion filed at May Term, 1879.

Opinion overruling petition for a rehearing filed at November Term, 1879.

