## GILL v. HARDIN AND OTHERS.

1. NOTICE: *Constructive, from possession.*

   The doctrine of constructive notice from possession is applied as a shield to protect him who has equitable rights, and not for the benefit of one who is without equity.

2. ESTOPPEL: *By silence.*

   When one who is negotiating a purchase with the holder of an absolute deed for land informs the maker of the deed, who is in possession, of his intention to purchase, and the latter asserts no interest or equity in it, he is estopped to set up. after the purchase, that the deed was intended merely as a mortgage.

APPEAL from *Conway* Circuit Court, in Chancery.
Hon. G. S. CUNNINGHAM, Judge.

*S. R. Allen*, for appellant.

The doctrine, it seems to me, is too well settled that a deed, absolute on its face, may be shown to be a mortgage to make it necessary to cite authorities. The rule is, the fact that a deed is given as a security determines its character. *Hilliard on Mort., vol. 1, pp. 49, 66; 5 Ark., 321; 7 ib., 505; 13 ib., 112; 15 ib., 284; 18 ib., 49; 40 ib., 146.*

The facts in evidence establish beyond a doubt that the deed from Gill to Hardin was only a security to Moore and Crowell. And the lands can only be sold at public sale, under direction of the court, after appraisement. *Secs. 4759–60–61–62–63.*

Harvey took nothing by his purchase as against appellant, so as to conclude any right of his, as appellant's possession was notice to him. *Almon v. Sisk, 34 Ark., 391.*

The decree should be reversed, and decree entered declaring the deed to be a mortgage and sale of the property had according to law.

*J. H. Harrod,* for appellee.

Even if the deed of Gill to Hardin was a mortgage, Gill could not take advantage of that against the claims of Hervey, who is an innocent purchaser for value. He had no knowledge of any claims of Gill when he purchased. It was Gill's duty, if he had a claim, to have informed Hervey, but having failed to do so he is now estopped.

COCKRILL, C. J. The appellant, Gill, was indebted to one Moore, and desiring to secure the payment of the debt, agreed to, execute a mortgage to him upon real estate in the town of Morrilton for that purpose. The land at that time was encumbered by mortgage and judgment liens, and after negotiations between the parties these liens were paid off by Moore and a Dr. Crowell, another of Gill's creditors, who was also to be protected by the mortgage, and Gill then executed a deed, absolute in form, to the appellee, Hardin, under a parol agreement that Hardin should sell the land, and out of the proceeds discharge first the debt to Moore, then that of the other creditor, and pay the residue over to him. The deed was executed to Hardin instead of Moore, because it was feared Moore's wife would retard the contemplated sales by refusing to relinquish dower. The device of securing the debts by a conveyance absolute in form was suggested by Gill, for the reason, as he testifies, that he was "somewhat involved," which is

made plain by the explanation that he was in debt. There appears to have been a mutual understanding between the secured creditors and Gill that Hardin should not execute a deed to any part of the land until Gill approved the price for which it was to be sold.

About a year after the conveyance. to Hardin, Hervey, one of the appellees, purchased the land from Hardin · for the sum of $1200, paid on delivery of the deed. Before concluding his purchase he sought Gill, who was in possession of the property, and informed him that he was negotiating with Hardin to purchase it. Gill supposed that Hervey had been referred to him by Hardin to ascertain the price to be placed on the land, but gave no intimation of the secret agreement not to sell the premises without his consent. Hervey returned to Hardin and obtained a conveyance. The price paid was less than the amount due Moore. Gill was dissatisfied with the sale, and filed his bill against Hervey, Hardin and the heirs of Moore to redeem. In the meantime Hervey had instituted his action for the possession of the land; Gill filed a cross-complaint, · the same in effect as his original complaint, and the case was transferred to equity and there consolidated and tried with Gill's suit. The decree was against Gill throughout, and he has appealed.

The principle that the possession of land is notice to the world of the possessor's equities in the premises is invoked to charge Hervey with notice of the secret agreement between Gill and his creditors.

1. NOTICE OF TITLE: Possession

It is held by high authority that possession by a grantor is not notice of equities in him cotemporaneous with the deed to one who purchases the land on the faith of his recorded conveyance, the presumption of a claim of right which arises from possession being rebutted, it is said, by the absolute deed. *Newhall v. Pierce, 5 Pick., 450; Bloomer*

*v. Henderson, 8 Mich., 395; 1 Jones Mort., sec. 600, and cases cited; Wade Notice, sec. 299, and cases.*

But the facts of this case do not render it necessary to narrow the consideration of the question to such limits. The doctrine of constructive notice from possession, however broad or limited its application, is applied only as a shield to protect him who has equitable rights, and not for the benefit of one who is without equity.  *Groton Savings Bank v. Batty, 30 N. J., 126.*

2.  ESTOP-
PEL:
By silence.

Now, Gill's deed was made absolute in form, as we may infer from his statement, in order to enable him to hide his equity of redemption in the land from the search of his creditors.  He had thus given to Hardin for this fraudulent purpose the means of deceiving Hervey and leading him to believe that Hardin was the unconditional owner of the land.  By his deed he was continually holding him out as such.  He came in actual contact with Hervey while the treaty for purchase was on, and was then informed by Hervey himself of that fact, but he held his peace about the secret agreement, and permitted him to be entrapped in the snare his active agency had set.  He is not, for these reasons, entitled to the consideration of equity in a suit against the purchaser, and he is therefore excluded from setting up the fact that the deed was intended as a mortgage.  *Groton Savings Bank v. Grattan, sup.; Bramble v. Kinsbury, 39 Ark., 131.*

Let the decree be affirmed.