HARRISON *v.* LUCE.

Opinion delivered January 15, 1898.

ESTOPPEL—REPRESENTATION.—Where the maker of a note which has been altered since its execution, after examining it, assures an intending purchaser, who has no notice of the alteration, that it is all right, and that he will pay it, he will be estopped, when sued by such purchaser, from taking advantage of such alteration.

Appeal from Sebastian Circuit Court, Fort Smith District.

EDGAR E. BRYANT, Judge.

STATEMENT BY THE COURT.

B. Luce sued upon a note executed by E. M. and W. S. Harrison for $200 and interest, dated April 22, 1889, payable to J. B. Nedry, and by J. B. Nedry assigned to Gus A. Gill, and by Gus A. Gill assigned to appellee. He alleged in his complaint that J. B. Nedry changed the date of the note from the 22d to the 24th without the consent or knowledge of E. M. Harrison, but that, before Gill purchased the note from Nedry, he found Harrison on the street, and exhibited the note to him (Harrison), and asked him if it was all right; that Harrison assured Gill that said note was all right, and that he intended to pay it.

E. M. Harrison answered that the note was changed in date after its execution and delivery, and was void, and denied that he ever promised to pay Gill, or that the note was exhibited to him by Gill. He alleged that Nedry was the real plaintiff, and that Gill had withdrawn his suit upon the note, and transferred same to B. Luce, for the reason that Luce had Nedry in a place where he could force payment.

Upon the trial plaintiff proved by Gus A. Gill that, before purchasing the note from Nedry, he exhibited same to E. M. Harrison, and that Harrison took it, and, after looking at it, said it was all right, and that he (Gill) could safely purchase it, and promised to pay it; that he did not call Harrison's attention to the change in date; that when he sold the note to Luce, he told Luce of the conversation with Harrison.

J. B. Nedry swore that he changed the date from April 22d to 24th; that he sold to Gus A. Gill; that he was in Gus Gill's office, and Gill asked him if he wanted to sell the note, and that Gill said if it was all right he would buy it; that Harrison was not present at this conversation. · The defendant objected to the evidence for the reason that Harrison was not present. The court admitted the evidence, and the defendant saved his exception. And, over the objection of defendant, he was permitted to state: "Gill told me to stay in his office until he went to see Harrison about it." Defendant saved his exception. Over objection of defendant he was permitted to state: "After Gill came back, he told me it was all right, and that he would buy it." Defendant saved his exception for same reason, that Harrison was not present.

B. Luce testified that he purchased the note, and never had a conversation with E. M. Harrison before doing so.

The defendant swore that the note was changed in date, and a mortgage given by Nedry to secure same without his consent or knowledge, and that he never agreed to pay Gill; that Gill never exhibited the note to him; that he did not know of change in date of note until Gill first sued on it; that when Gill's collector presented same for payment, they refused to allow him to look at it; that Gill never pointed out any change in date of note. Defendant further offered to swear that Gill told him he withdrew his suit on the note because he had secured a place for Nedry's daughter, and that Nedry would pay him, and that he could transfer it to Luce, who could force him to pay it. This evidence was ruled out, and defendant saved his exception.

Defendant offered to prove by W. S. Harrison, one of the makers of the note, that he was in Fort Smith, and that Gill never presented the note to him to see whether it was all right. The court refused to admit this testimony, and defendant saved his exception. He also offered to prove by W. S. Harrison that the sale of the note was made to Luce for the purpose of forcing Nedry to pay same, and that Gill withdrew the original suit because he had got Nedry's daughter a position upon the promise that he would pay him. The court refused to admit this evidence, and defendant saved his exception.

The court instructed the jury as follows: "The court tells

you that the change of the date of the note by Nedry invali-- dated the note, and made it void, and plaintiff cannot recover on it unless you find that, before buying the note, Gill, not knowing that Nedry had changed its date, went to E. M. Harrison, and, showing the note to him, asked him if it was all right, and told him he was about to purchase it, and that Harrison, after looking at it, told Gill it was all right, and that he could safely purchase it, and that Gill thereafter, relying on said assurance of Harrison, bought the note of Nedry, in which case you should find for the plaintiff." The defendant objected, and saved his exception to the giving of this instruction.

Defendant asked the following instruction: "I charge you that, before there could have been a ratification on the part of Harrison, it would have been necessary to call his attention to the change in the contract. In other words, after the change in the date, the contract became another from that executed by Harrison, and, before he could be bound by the new contract, he should have been informed of the change which rendered the original contract a new one, and then a promise from Harrison to pay Gill if he bought it."

The court refused to give instruction, and defendant saved his exception. Defendant filed motion for new trial, setting up the usual grounds therefor, which was overruled. Defendant excepted, and prayed an appeal to this court, which was granted.

*Gunter & Humphreys*, for appellant.

The maker of a negotiable instrument, which has been rendered void by a material alteration, will not be held to ratify such alteration by any act or deed on his part, unless he knows of the alteration at the time he speaks or acts. 48 Ark. 426; 29 S. W. 332; 43 Pac. 837; 36 Pac. 1037; 60 Mo. 449; 67 Ga. 167; 30 Ark. 186.

*Thos. E. Ward*, for appellee.

Appellant, being the maker of the note, and knowing its date and terms originally, is estopped to set up the defense of material alteration, after having examined the note and advised appellee to buy it. Bigelow, Estop. (4 Ed.) 564, 565 and 575; 33 Ark. 468; 48 Ark. 409; 39 Ark. 131; 50 Ark. 128; 90 Ind. 386.

HUGHES, J., (after stating the facts.) We are of the opinion that, according to the general principles of the doctrine of estoppel, the appellant is estopped to deny his liability upon the note sued upon in this case. When Gill took the note to Harrison to ascertain if it was valid, the proof is that Harrison took it, looked at it, and told Gill it was all right, and promised to pay it, and that, upon this assurance, Gill bought the note, not knowing it had been altered. Harrison did not know it had been altered, but it was his note originally, and he owed the debt, and promised Gill, who he was informed desired to buy it, that he would pay it, and thereby induced Gill to buy it. He ought not to be allowed to take advantage of the fact that it had been altered. It would work a fraud to allow this. *Plummer* v. *Farmer's Bank*, 90 Ind. 386. See *Jowers* v. *Phelps*, 33 Ark. 468; *Gill* v. *Hardin*, 48 Ark. 409.

Affirmed.