LOWE *v.* WALKER.

Opinion delivered November 11, 1905.

1. USURY—INDEPENDENT TRANSACTION.—In a suit to recover money loaned it is no defense that the loan was procured for the purpose of discharging a usurious mortgage held by a third person. (Page 107.)

2. EQUITY—SUBSTANCE OF TRANSACTION.—Where a debtor procured a loan for the purpose of discharging a note and mortgage, and the lender took an assignment thereof until a new mortgage could be executed by the borrower, equity, regarding the substance of the transaction, will treat the assignment as equivalent to the execution of a mort-

gage to secure the new loan, although the original mortgage was usurious, if the lender had no notice of such usury. (Page 107.)

3. SAME—SPECIFIC PERFORMANCE.—Where money was loaned to pay off a debt secured by mortgage, and an assignment was taken of such mortgage under a promise of the borrower to execute a new mortgage as soon as his wife could come to town, equity, regarding that as done which ought to be done, will require a performance of the agreement, regardless of the validity of the original mortgage. (Page 108.)

4. APPEAL—ISSUE NOT RAISED BELOW.—On a bill to enforce specific performance of a mortgage of land, the Supreme Court will not consider the objection that the land was the homestead of the mortgagor and that the mortgage was void for non-joinder of the mortgagor's wife, if no such question was raised by the pleadings or proof. (Page 108.)

5. PLEADING—DEFENSE INURING TO ALL.—In a suit against a husband and wife to enforce a mortgage, the defense of usury set up by the husband inured to the benefit of the wife where she failed to answer. (Page 109.)

Appeal from Phillips Chancery Court; JACOB FINK, Special Chancellor; reversed as to Mrs. Lowe; affirmed as to W. H. Lowe.

STATEMENT BY THE COURT.

Appellant, W. H. Lowe, brought this suit in equity to cancel, on account of alleged usury in the contract, a certain mortgage or deed of trust on lands executed by himself and wife, Roxie, to secure a note to Mrs. Jennie F. Rice, which had been assigned to appellee, George Walker. Mrs. Rice, Walker and the trustee in the deed were all made parties defendant, and answered separately.

Mrs. Rice answered, denying that there was any usury in the contract and alleging that she had assigned the note and security to Walker, and therefore had no further interest in the controversy.

Walker filed his answer and cross-complaint which, after denying the allegations of the complaint as to usury, is as follows:

"Further answering, he says that some time prior to the 4th day of December, A. D. 1901, the complainant herein came to this defendant, and requested him to make him a loan for the purpose of paying off a deed of trust held by Jennie F. Rice, the co-defendant herein; that the said complainant stated that he owed her a debt of about five hundred dollars after all payments were deducted; that this defendant first declined, but later on, after numerous importunities on the part of the plaintiff, he finally

agreed to make the loan to him; that in a few days thereafter he prepared, and the complainant herein executed, a new deed of trust to cover said debt and expense incident thereto, which said deed of trust was to be held until the following week, when the complainant would bring his wife to the city to execute the same; that, upon the execution of said new deed of trust by the complainant, and the promise that his wife would come and execute the same the following week, this defendant paid off the debt to his co-defendant, Jennie F. Rice, and took an assignment thereof without recourse; that, notwithstanding said promise and agreement on the part of the complainant to have his wife come in the following week and execute said new deed of trust, it was never done, but, on the contrary, the next news had of complainant was the service of a summons herein on said defendant.

"That said defendant says that, but for the insistent solicitation on the part of the complainant, he would never have had anything to do with said deed of trust and note made to the said Rice; that he took the assignment of the same at the special instance and request of the complainant, without any dealings whatever with his co-defendant herein, other than the paying to her the amount due as represented in the complaint.

"The premises considered, this defendant submits to the court that if there was usury in said debt the complainant is estopped from asking this court to declare said deed of trust and notes void, for the reason that it was through his acts, importunities and urgent solicitation that this defendant has parted with his money, and has become a creditor of said complainant and the owner of said deed of trust and the note.

"And for further answer, and by way of a cross-bill, this defendant says that he took an assignment of the note and deed of trust aforesaid with the distinct understanding and agreement with the complainant that said complainant and his wife would execute and deliver to him a new deed of trust covering said debt. That said complainant has wholly failed to carry out said agreement, and by filing of this complaint serves notice on this defendant that he will never carry out said agreement. Wherefore defendant asks to have this taken as and for his answer and cross-bill; that the complainant take nothing by his said suit; that this defendant have judgment decreeing the foreclosure of the deed

of trust made by the complainant in favor of the said Jennie F. Rice for the amount due this defendant, and that the property therein described be sold to satisfy his said debt, and for such other and further relief as in equity he may be entitled to."

Appellant Roxie Lowe was also made a defendant to the cross-complaint, but neither she nor W. H. Lowe answered same.

W. H. Lowe testified that he borrowed $450 from Mrs. Rice, and agreed to pay her 25 per cent. per annum interest thereon; that he applied to defendant Walker for a loan of money with which to pay off his debt to Mrs. Rice, and represented to Walker that $495 was the correct amount which he owed to Mrs. Rice, computing the interest at 10 per cent. per annum, which he also represented that Mrs. Rice had agreed to accept; that thereupon Walker agreed to lend him the money, and paid the amount, $495, to Mrs. Rice in his presence and at his request, taking an assignment of the note and mortgage. Walker testified, substantiating each of the statements of his answer and cross-complaint. He also testified that he had no information of usury in the contract between Lowe and Mrs. Rice.

The chancellor rendered a decree in favor of Walker for recovery of the debt, interest and cost of suit and declaring the same a lien on the lands. W. H. Lowe and wife both appealed from the decree, and W. H. Lowe executed a supersedeas bond with security.

*W. G. Dinning,* for appellant.

1. The mortgage and note to Mrs. Rice are absolutely void for usury, even against an innocent purchaser for value before maturity. Kirby's Digest, § 5390; 41 Ark. 331; Constitution, art. 19, § 13.

2. There was no estoppel. 11 Am. & Eng. Enc. Law, 424; Webb on Usury, pp. 507, 509, 510; Tyler on Usury, p. 418; 11 Am. & Eng. Enc. Law, p. 436; 125 U. S. 247. None of the three essentials necessary to invoke estoppel can be found. *Ubi supra.* If a purchaser has notice of the usury, he is not protected. 15 Iowa, 362; 106 N. Y. 70; Jones on Mortgages, § 645; 44 N. Y. 398; 38 N. Y. 7; Webb on Usury, § 442; 62 Ark. 92; 8·*Id.* 157; 40 N. E. Rep. 500; Webb on Usury, § 162; 67 N. W. Rep. 693; etc. The burden was on Walker to show he had knowledge of

usury, etc. Tyler on Usury, p. 418; 22 N. Y. 312; 44 N. Y. 402-3; 11 Am. & Eng. Enc. Law, 434.

3. Any promise to pay any part of an usurious debt can not be enforced as long as the contract that supports it remains unrevoked. 62 Ark. 376; 53 *Id.* 345; 96 Pa. St. 430.

4. It certainly was error to bar Mrs. Lowe of her homestead and dower rights. 15 Am. & Eng. Enc. Law, 547; 59 Ark. 211; 43 Am. St. Rep. 28. Married women are not barred by estoppel. 15 Am. & Eng. Enc. Law, pp. 803, 805-6.

*John I. Moore,* for appellee.

1. Even if the plea of usury was available, there is no proof to sustain it, and the burden was on appellants. 57 Ark. 251. Usury never inferred, it must be proved. 68 Ark. 162.

2. Walker was not a volunteer, but paid at the request of Walker. 32 Ark. 258; 39 *Id.* 531; 44 *Id.* 504; 50 *Id.* 205; 68 *Id.* 369; 30 L. R. A. 829; 72 Miss. 1058

3. Walker was an innocent party, and Lowe is estopped. 36 Ark. 96; 33 *Id.* 465; 96 U. S. approved in 37 Ark. 47; 64 Ark. 639; 74 Ala. 243; 64 Ark. 583; 30 Pac. 811; 111 Ga. 221; 80 Ill. 541; 90 Ind. 386; 80 Iowa, 542.

4. There was no proof of homestead. If it was desired that pleadings be certified, a motion should be made to that end. 71 Ark. 609.

McCULLOCH, J., (after stating the facts.) There can be no doubt that the chancellor was right in rendering a personal decree against appellant W. H. Lowe for the amount of appellee's claim. According to his own testimony, appellee advanced him the money as an independent loan to pay off the mortgage debt to Mrs. Rice. Appellee was not affected by usury in the contract between Lowe and Mrs. Rice. Conceding that the debt was tainted with usury, Lowe elected to pay it, and procured its payment by appellee. He cannot defeat his liability to appellee for the money because the original debt to Mrs. Rice which it extinguished was tainted with usury.

Nor can W. H. Lowe complain at the decree declaring the debt to be a lien on the land. His own conduct estops him. *Rogers* v. *Galloway College,* 64 Ark. 639; *Harrison* v. *Luce,* 64 Ark. 583. It is true that, as the original debt and mortgage to Mrs. Rice were void on account of usury, no vitality could be

infused into that contract. Nor does the fact that it has passed
into the hands of an innocent purchaser for value give life to it:
*German Bank* v. *Deshon,* 41 Ark. 331. But this mortgage must,
under the facts of this case, be regarded the same as a new one
executed to appellee at the time of the assignment to him. The
effect of the assignment to him, was, under the circumstances,
equivalent in equity to the execution of a new mortgage to secure
the loan made by appellee, following the maxim that "equity
regards substance rather than form." *Martin* v. *Schichtl,* 60 Ark.
595. "By force of this principle," it is said, "equity goes behind
the form of a transaction in order to give effect to the intention
of the parties, either to aid an act abortive at law because formally
defective, or to impose a liability as against an evasion by a formal
concealment of its true character." 16 Cyc. p. 134. It is con-
ceded that appellee paid the money to Mrs. Rice, and took an
assignment of the note and mortgage at the request of appellant
W. H. Lowe as a temporary security until the new mortgage
could be executed by Lowe and wife. Appellee testified that he
had no notice of the usury, and, notwithstanding Lowe's testimony
to the contrary, the chancellor found this to be true, and, as the
finding is not against the preponderance of the evidence, we
cannot disturb it.

The decree against W. H. Lowe declaring a lien on the land
must be sustained upon still another ground. He promised to
execute a new mortgage as soon as his wife could come to town,
and appellee paid Mrs. Rice's debt on the faith of this promise.
"Equity regards as done that which ought to be done," and a court
of equity will, under those circumstances, require a performance
of the agreement. *Richardson* v. *Hamlett,* 33 Ark. 237; *Sims*
v. *Thompson,* 39 Ark. 304; *Turner* v. *Davis,* 41 Ark. 282; *Beck*
v. *Bridgman,* 40 Ark. 382.

It is urged here that the land in question is the homestead
of appellants, and that the lien cannot be enforced thereon for the
reason that the wife was not a party to the agreement with
appellee, and did not join in a mortgage to him, the old mortgage
to Mrs. Rice which she signed being void. It is not shown in the
pleading or proof that the land is the homestead, and the lien is
enforcible against W. H. Lowe.

What we have said applies only to appellant W. H. Lowe, and it follows that the decree must be affirmed as to him. The fact that his wife may not be barred of her inchoate dower right does not render the mortgage lien invalid as to him. The lien is enforcible except as against the dower right. The wife, Roxie Lowe, also appeals from the decree, and thereby challenges its correctness as against her. As the original mortgage to Mrs. Rice was void on account of usury, the rights of Roxie Lowe were not affected by the subsequent conduct of her husband and his agreement with appellee Walker. She could relinquish her dower only in the manner provided by the statute, and, not having done so, she is not barred of her inchoate dower right. Appellee's lien can therefore be enforced, subject only to that right.

It is true that she did not file an answer to the cross-complaint of appellee, but the plea of usury made by her husband and co-defendant in the cross-complaint inured to her benefit, notwithstanding her failure to plead, as it was a defense common to them both. *Fletcher* v. *Bank of Lonoke,* 71 Ark. 1.

The decree is therefore in all things affirmed as to appellant W. H. Lowe, but reversed and remanded as to appellant Roxie Lowe, with directions to dismiss the cross-complaint as to her.