GRAFF *v.* LENA LUMBER COMPANY.

Opinion delivered October 31, 1910.

ESTOPPEL,—ACQUIESCENCE.—Where, with the knowledge and consent of merchants, lumber was purchased in their name and upon their credit for another, and they never notified the seller that they were not buying the lumber, they are estopped to deny that they were purchasers of such lumber.

Appeal from Lawrence Chancery Court; *George T. Humphreys,* Chancellor; affirmed.

*W. E. Beloate* and *McCaleb & Reeder,* for appellants.

1. Before one can be held liable for services rendered, there must have been at least an implied contract. 128 S. W. 1036. In order that an acceptance may be effective after a refusal, the offer must have been renewed. 119 U. S. 149; Clark on Contracts, 53.

2. Appellants are not estopped. There was no contract, express or implied, no consideration to appellants, which fact was known to appellee, and the appellee was not misled to its injury. 16 Cyc. 744 and note 37; 33 Ark. 646. Where all facts are known to both parties, neither can claim an estoppel against the other. 11 Am. & Eng. Enc. of Law, 434; 16 Cyc.

730. The letters of appellants, and their credit, must have induced the sale and have been relied upon by appellee. 11 Am. & Eng. Enc. of Law. 436; 56 Ark. 380. Delivery of the bill of lading and subsequent letters could not create an estoppel. 53 Ark. 196. See also, 39 Ark. 134; 50 Ark. 129.

*John W. & Joseph M. Stayton* and *Coleman & Lewis,* for appellee.

1. It is plain that the order was made with the knowledge the consent of Graff Brothers, and that they recognized their liability. They had the opportunity to refuse to accept the lumber when it was shipped, but waived that right by accepting the lumber, and are liable for the price. 60 Ark. 613; 148 Fed. 153; 16 Cyc. 805; 87 Ark. 389; 83 Ark. 440.

2. Appellants are estopped to deny their liability. 80 Ark. 23; 33 Ark. 468; 35 Ark. 365.

BATTLE, J. This suit was brought by the Lena Lumber Company against Graff Brothers and others in the chancery court for the Eastern District of Lawrence County to recover a judgment for the sum of $400 and interest.

Plaintiff's complaint is as follows: "The Lena Lumber Company states that it is a corporation organized under, and doing business in, the State of Arkansas, and for cause of action against the defendants, J. L. Park, J. N. Beakley, Ben Graff and Fritz Graff, partners, and doing business as Graff Brothers, states that on or about the 18th day of September, 1906, the Walnut Ridge School District of Walnut Ridge, Arkansas, entered into a contract with the defendant J. L. Park to build and erect in the town of Walnut Ridge a schoolhouse for the use of said district, and in the building and erection of said building, and in the business matters pertaining thereto, J. N. Beakley, who was the brother-in-law of the defendant Park, acted as his clerk and bookkeeper, and attended to many matters pertaining thereto. That the defendants, Graff Brothers, are merchants and doing business in the said town of Walnut Ridge, and Ben F. Graff, the senior member thereof, was and is the president of said board of directors of said district. That the said J. N. Beakley, acting for the said Park, made some arrangement, the details of which are unknown to this plaintiff, with said Graff Brothers, by which he could use their name in

ordering material for the construction of said building, and, with the knowledge and consent of the said Graff Brothers, said Beakley, using the name of said Graff Brothers, did make application to purchase lumber to be used in the construction of said buildings, and thereafter, in the name and with the knowledge of said Graff Brothers, did contract for the delivery to Graff Brothers the lumber * * * of the value of $930.45; that said lumber was shipped by the plaintiff to said Graff Brothers, and the same was afterwards delivered to them, and upon said lumber the plaintiff has received the sum of $530.45, leaving a balance due thereon of the sum of $400, with interest, all of which is past due and unpaid. That the said Graff Brothers deny that they had any interest in the said contract, did not order the same, nor receive the same; and dispute and deny that the plaintiff has any right of action against them therefor, but admit that said Beakley did use their name for the purpose aforesaid. The plaintiff states that it had no knowledge of the arrangement between said Beakley and said Graff Brothers, and presumed it was in fact dealing with Graff Brothers, and not aware of the connection of defendant Beakley with said transaction until long after said lumber was shipped, delivered and used in said building. Plaintiff therefore prays that the said Park, the said Beakley and the said Graff Brothers be made parties defendant herein, and each be required to make answer hereto; that plaintiff have judgment against all of the defendants for the said balance due it, amounting to the total sum of $400, with interest from the date of shipment, and for costs and for all proper relief."

The defendants, Graff Brothers, answered as follows: "Come Ben F. Graff and Fritz Graff, partners, doing business as Graff Brothers, and for their separate answer to the plaintiff's complaint, and admit that the Walnut Ridge School District of Walnut Ridge, Arkansas, entered into a contract with J. L. Park for the erection of a school building, and that J. N. Beakley was the brother-in-law of the said J. L. Park; they admit that they are in the business of selling wagons, harness, blacksmithing and such business as connected therewith, but allege that they were not in the lumber business, nor had anything to do with it. They admit that B. F. Graff was a member of the school board at the time. They state that J. L. Park

or J. N. Beakley had no standing as merchants, and that J. N. Beakley was given by B. F. Graff permission to inquire of the plaintiff herein in the name of Graff Brothers, for the prices of lumber to be bought by J. L. Park. That such limited authority was known to the plaintiff, and when the lumber was ordered it was, with the consent of the plaintiff, shipped in the name of these defendants, without these defendants' knowledge or consent, and shipped solely upon the credit and promise of J. L. Park and J. N. Beakley, and not upon the credit of this defendant. Wherefore, defendants, Graff Brothers, having fully answered, they ask to be discharged with costs and all other equitable relief."

The court found that Graff Brothers authorized J. N. Beakley, the agent of J. L. Park, "to order certain lumber in their name from the plaintiff," of the value of $930.45, to be used in building a certain schoolhouse, for which the sum of $530.45 has been paid, leaving due on the 12th of September, 1907, the sum of $400, and that Graff Brothers are liable to plaintiff for that sum; and the court rendered a decree in favor of the Lena Lumber Company against Graff Brothers for $400 and 6 per cent. interest from the 12th day of September, 1907. Graff Brothers appealed.

On or about the 18th day of September, 1906, the Walnut Ridge School District of Walnut Ridge, Arkansas, entered into a contract with J. L. Park to build and erect in the town of Walnut Ridge a schoolhouse. In the building and erection of the schoolhouse lumber was purchased of the Lena Lumber Company in the name of Graff Brothers at the price of $930.45. The lumber was shipped to them and in their name; the bill of lading was sent to and received by them. The evidence shows that this was done with the knowledge and consent of the Graff Brothers and on their credit. They never notified the lumber company that the lumber was purchased in their name without authority, and that they would not pay for the same; but induced it by their silence and acts to believe that they had purchased the lumber, and were liable therefor. A correspondence in their name, based upon this transaction, continued for a period of three or four months, and they received the letters addressed to them, knowing that they were mailed to them by the

lumber company. But they say that they never opened them, and, knowing from the envelopes that they were from the lumber company, they delivered them to the clerk of Park, the contractor. They never sought in due time to correct any misapprehension of the lumber company. The result of their action and silence is they are estopped from denying that they were the purchasers of the lumber and are liable for the purchase money. *Powers* v. *Phelps,* 33 Ark. 468; *Danly* v. *Rector,* 10 Ark. 211; *Trapnall* v. *Burton,* 24 Ark. 371; *Gill* v. *Hardin,* 48 Ark. 409.

Decree affirmed.