Christian, J.
This is a writ of error to a judgment of the Circuit court of Rockingham county.
The facts disclosed by the record, so far as they are necessary to be adverted to, are as follows:
Daniel Miller & Co. were wholesale merchants, residing and doing business in the city of Baltimore. Coffman & Bruffy were retail merchants in Harrison-burg, and became largely indebted to Daniel Miller & Co., evidenced by notes made at different times, and aggregating on the 5th February 1868 to the sum of $7,911.37. '
On that day, in full settlement of this indebtedness, Coffman & Bruffy transferred certain claims and judgments due to them, amounting to $7,911.37, to Daniel Miller & Co.j who were to collect the same at their expense, through an attorney named by the parties.
To carry out this arrangement, the following papers were signed by Daniel Miller & Co., proved to be in the handwriting of John M. Miller, a member of the firm.
“Baltimore, February 5th, 1868.
“ Received of Messrs. Coffman & Bruffy, of Harrisonburg, Virginia, the undermentioned judgments and notes in full settlement of all debts due us by said Coffman *700 Bruffy to this date; said judgments and notes amounting to the sum of $7,911.37, which is the amount of notes they owe us. The said transfer of claims is su°k> tDat if the said Daniel Miller & Co. find any of the parties insolvent, and cannot make the money out of f. , . ’ , them by suit, then, and in that event, the said Daniel Miller & Co. can recover from the said Coffman & Bruffy any deficit that may remain;” and then follows a list of the judgments and notes transferred by Coffman & Bruffy.
At the time this paper was executed, and the transfer of claims made, Daniel Miller & Co. surrendered to Coffman & Bruffy all notes, accounts, and other evidences of debt which they held against them.
Certain of the claims transferred to Daniel Miller & Co., proved worthless; and on the 15th June 1869, nearly eighteen months after the settlement of February 1868, Coffman & Bruffy, in compliance with their contract to make good the unsatisfied claims, and to meet the deficit thereby arising, executed and delivered to Daniel Miller & Co. their negotiable note dated the 15th June 1869, and payable 1st June 1870, for the sum of $2,129,85, and endorsed by E. and D. W. Coffman.
This note was not paid at maturity, and was duly protested for non-payment, and the endorsers duly notified thereof. To the August term of the County court suit was instituted by Daniel Miller & Co. against the makers and endorsers. To this action the defendants pleaded payment and usury, and the case was afterwards removed to the Circuit court. At the January term of said court there was a verdict and judgment for the plaintiffs. From this judgment a writ of -error was awarded by one of the judges of this court.
The question we have to consider arises upon a mo *701 tion for a new trial, and upon a certificate of the evidence; and that question is, whether upon the evidence the defence of usury has been made out.
It is shown by the evidence offered by the defendants, consisting of letters, statements, accounts rendered, &c., that certainly as to a part of the indebtedness from Coffman & Brufly, to wit: some of the notes held by Daniel Miller & Co. were for money loaned at a greater rate of interest than that allowed by law, and therefore usurious and void. But these notes formed only a part (it may be a large part, but still only a part) of the indebtedness of nearly $8,000.
How the question we have to determine is, whether the note sued on, of $2,129.85, was for a usurious consideration ? If that note was a renewal of a debt tainted by usury, or if it was merely a new security for an old debt thus tainted., it is equally void with the old debt.
Hothing is better settled than that the mere change of securities for the same usurious loan to the same party who received the usury, or to a person having notice of the usury, does not purge the original illegal consideration, so as to give a right of action on the new security. Every subsequent security given for a loan originally usurious, however remote or often removed, is void. Walke v. Bank of Washington, 3 How. U. S. R. 62; Tyler on Usury 402; Drake’s ex’or v. Chandler, 18 Gratt. 909.
If in this case the note sued on was given as a new security for a usurious debt, it is followed by the taint of usury in the original transaction; but if it was given upon a new consideration, and was a new and different obligation of different parties, although arising out of the same transaction, it is purged of this taint of usury; unless it be shown that it was a color- *702 able shift to evade the statute. Drake's ex'or v. Chandler, supra
it be conceded that one or more of the notes held by Daniel Miller & Co. at the time of the settlement in February 1868, were usurious, and that such no£eg forme(j a part 0f the sum of $7,911.37, due on the day of settlement; yet it must also be conceded, that it was competent for Coffman & Bruffy to waive their right to rely upon the statute of usury, and to satisfy the whole demand—that which was valid as well as that which was usurious; and the real question is, was the transfer of claims and judgments by Coffman & Bruffy to Daniel Miller & Co. a full satisfaction and settlement of their indebtedness, or was it only a new security for the payment of the old debt? The evidence conclusively shows that the settlement made on the 5th of February 1868 was in fact, and so intended by the parties, a full adjustment and satisfaction of all the debts then due from Coffman & Bruffy to Daniel Miller & Co. It was so expressly stated by the latter in the writing signed by them; and the notes were all delivered up to and received by Coffman & Bruffy. The debts evidenced by these notes were on that day cancelled and paid. Ho demand could after that day have been made for these debts, and no suit ■could have been brought to enforce payment. The note sued on was no part of the original debts. The consideration was no part of the original consideration. It was a new debt for a new consideration.
The note for $2,129.85, the sum claimed in this suit, was given in consideration of the contract made by Coffman & Bruffy, that they would be responsible to the amount that the claims transferred should proveto be insolvent. It was not given for any part of the debts satisfied by the settlement of/February 1868, *703 nor was it executed and delivered at that time, but not until nearly eighteen months afterwards, when it was ascertained that a part of the claims transferred were worthless, and for the purpose of supplying this deficit in accordance with the contract of the parties.
I think it is therefore clear that this note has no taint of usury, and is not so connected with former usurious transactions as to be at all affected by them. They were ended by the voluntary act of the parties on the 18th February 1868. This was a new obligation entered into upon a new and different consideration, and the defence of usury must fail.
The learned judge of the Circuit court, by his instructions to the jury, so clearly and correctly stated the law applicable to the ease, that they were not excepted to by either side, but were accepted by both as a true exposition of the law of the case.
Among those instructions, nine in number, meeting every possible phase of the case with perfect fairness and great clearness, is the following, the fourth instruction: “If the jury believe from the evidence that the note for $3,000 was made and signed in .Virginia, and was to he paid in Virginia, and was given for a loan of money at a greater rate of interest than was allowed by the laws of Virginia, then said note was usurious and void; and if the note sued on was given for any balance of said note, and payable at same place (Virginia), the note sued on is likewise usurious and void, unless it is proven that the usury was purged by an express agreement between the parties in the form of a settlement, or in the form of a new contract changing the parties.”
The evidence to which this instruction points, as well ■as all the evidence heard in the case, is certified to this court. The verdict of the jury founded upon it is ap *704 proved by the court below who heard it. We cannot say that the verdict thus approved was plainly not warranted by the evidence. On the contrary, it is clear that the verdict was in accordance with the evidence certified, and the law of the ease as expounded by the ^ court.
I am therefore of opinion that there is no error in the judgment of the said Circuit court, and that the same must be affirmed.
The other judges concurred in the opinion of Christian, J.
Judgment appirmed.