SERENA J. JENKINS V. RICHARD J. LEVIS.

1. CONVERSATION, *When not Competent Evidence.* In an action on a note and mortgage, the defendant Mrs. J. put in issue their execution. On the trial, it was shown by the plaintiff that the defendant executed the note and mortgage in a certain law office. The defendant afterward showed that she left the said law office and went to the house of Mrs. M., and there had a conversation with Mrs. M. concerning the matter. *Held,* That such conversation is not competent evidence in the case, when offered by the defendant.

2. HUSBAND, *When not Competent Witness for Wife.* Where an action was commenced on a note and mortgage against J. and wife, and it is alleged that the note and mortgage were each executed by each of the defendants, and apparently they were so executed, and afterward judgment is rendered against J., and afterward a trial is had between the plaintiff and Mrs. J., upon the plaintiff's petition, Mrs. J.'s separate answer, (which put in issue the execution by her of the note and mortgage,) and the plaintiff's reply, *held,* that J. is not a competent witness to testify on behalf of his wife that she did not execute the note.

3. USURIOUS INTEREST, *When no Defense to Action.* Where it is shown that J. owed to E. the sum of $1,400, a portion of which sum was for usurious interest, and J. executed to L. a note and mortgage for that amount, and L. paid to A. $1,400 for such note and mortgage, and A. paid the amount to E., with the consent of J., in satisfaction and payment of the debt from J. to E., and A. at the same time was acting as agent for both L. and E., *held,* that the fact that a portion of the sum due from J. to E. was for usurious interest is no defense or partial defense to the note and mortgage executed by J. to L.

*Error from Butler District Court.*

AT the March Term, 1880, of the district court, *Levis,* as plaintiff, had judgment against defendant *Jenkins,* who brings the case here. The opinion states the facts.

*Buck & Kellogg,* and *A. L. L. Hamilton,* for plaintiff in error.

*A. L. Redden,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on a note and a mortgage, brought by Richard J. Levis, against Serena J. Jenkins

and Edward Jenkins. The note and mortgage appeared upon their faces to have been executed by both of the defendants, and the plaintiff's petition alleged that they were in fact so executed. A trial was had, and judgment was rendered on March 13, 1879, in favor of the plaintiff and against both of defendants, for the amount of the note and mortgage, with interest, attorney's fees and costs. The defendant Serena J. Jenkins then brought the case to the supreme court on petition in error, where the judgment of the trial court was reversed as to her, and the cause remanded for a new trial upon the sole ground that the court below erred in refusing to charge the jury in writing. (*Jenkins v. Levis*, 23 Kas. 255.) The judgment in favor of Levis and against Edward Jenkins has never been disturbed. When the case was returned to the district court, the defendant Serena J. Jenkins filed an amended answer, to which the plaintiff replied, and the case was again tried before the court and a jury upon the petition of the plaintiff, the amended answer of the defendant Serena J. Jenkins, and the reply of the plaintiff. The trial was had solely between the plaintiff Levis and the defendant Serena J. Jenkins. The amended answer of the defendant put in issue the execution by Serena J. Jenkins of both the note and the mortgage, and also set up the plea of usury. These were the only questions of fact to be tried in the case. The plaintiff proved that the defendant Serena J. Jenkins executed the note and mortgage and acknowledged the execution of the mortgage in the law office of A. L. Redden, at Eldorado, Kansas. The defendant Serena J. Jenkins was afterward introduced as a witness on her own behalf, and she testified that she was at the law office of A. L. Redden at the time that it is claimed that the note and mortgage were executed; but she further testified that she did not execute the same. She testified that she left Redden's office and went to the house of Mrs. Mickel, and that she there told Mrs. Mickel what she had done and what she had not done at Redden's office; and that she did not return to Redden's office. She then offered to prove what she had told Mrs. Mickel, but the plaintiff ob-

jected, and the court below refused to permit the evidence to be introduced. This is the first ruling of the court below assigned for error in this court. She claims that this conversation was a part of the transactions had in Redden's office, and therefore a part of the *res gestœ*. Evidently, however, this conversation was no part of the *res gestœ*. (*The State v. Montgomery*, 8 Kas. 351, 360, 361; *Swenson v. Aultman*, 14 Kas. 275, 276; *The State v. Pomeroy*, ante, p. 349.) The court below did not err in refusing to permit such evidence to be introduced.

The defendant, Serena J. Jenkins, then introduced her husband, Edward Jenkins, as a witness to testify in her behalf. He testified that Mrs. Jenkins did not execute or acknowledge the mortgage; and that he signed her name to the mortgage without her knowledge or consent. Mrs. Jenkins then offered to prove, by her husband, that she did not execute the note, but that he signed her name to it also, without her knowledge or consent. The plaintiff objected to this evidence upon the ground that her husband was not a competent witness to testify to such a thing; and the court below sustained the objection. This is the second ruling of the court below assigned for error. This is a much more difficult question than the other. The statute provides that a husband and wife may testify for or against each other, "when they are joint parties, and have a joint interest in the action." (Civil Code, § 323, subdiv. 3.) The question then arises: Were Mrs. Jenkins and her husband "joint parties" to the action, and had they a "joint interest" therein? While the question is somewhat difficult, yet we hardly think that it can be answered in the affirmative, but we are inclined to think that it must be answered in the negative. It is true that they were at one time joint parties to the action, but the action as against the husband had previously been terminated by a judgment rendered against him, and this judgment terminated the joint interest of Jenkins and wife, as joint parties to the action. The judgment to be rendered against the wife on the note could not be enforced

31—25 KAS.

against the husband, but could be enforced only as against her. At the time of the trial when this evidence was offered to be introduced, the action then stood with regard to the introduction of this evidence just the same as though the action had been commenced against Mrs. Jenkins alone, upon the note alone, and in such a case it would hardly seem that the husband would be a competent witness for his wife. We think that the court below did not err in excluding this evidence. But even if the court had permitted the evidence to be introduced, it would have made no difference with the verdict. As before stated, Jenkins testified that Mrs. Jenkins did not execute or acknowledge the mortgage, but that he signed her name to it, without her knowledge or consent; but the jury did not believe him. They found expressly that she did execute and acknowledge the mortgage, and therefore if the court below had permitted Jenkins to testify that his wife did not execute the note, but that he signed her name to it, the jury would evidently have given no more credit to this testimony than they did to the other testimony of Jenkins. They evidently would have found, notwithstanding such evidence, that Mrs. Jenkins did execute the note.

It appears from the evidence that some years ago A. W. Ellet loaned money belonging to his brother, Dr. Ellet, to Edward Jenkins. For the purposes of this case, we shall assume that usurious interest was charged; for, although there was no evidence showing this fact, yet Mrs. Jenkins offered to prove that such was the fact. The court below excluded the evidence; and this is the third ruling of the court below assigned for error. It appears from the evidence that on December 11, 1874, the time when the note and mortgage were executed in Redden's office, the amount due from Edward Jenkins to Dr. Ellet amounted to something over $1,400. It was agreed, however, between the parties — A. W. Ellet, as agent for Dr. Ellet, and Edward Jenkins and Serena J. Jenkins — that the amount due to Dr. Ellet should be considered as just $1,400, and that a note and mortgage should be given to the plaintiff, Richard J. Levis, for just that

amount, in payment of the debt to Dr. Ellet; and this was done. A. W. Ellet acted as the agent both for Dr. Ellet and for the plaintiff, Levis. Levis himself was not present, and personally did not know anything concerning the transactions. But for the purposes of the case we shall assume that he had full knowledge of all the transactions; that is, we shall assume that usurious interest was charged by Dr. Ellet, and that it constituted a portion of the $1,400 due from Jenkins to him, and that Levis was fully aware of this fact. Still, under the circumstances, we think that the fact that usurious interest was included in said $1,400 due to Dr. Ellet is entirely immaterial in this case. The evidence shows that the plaintiff furnished precisely $1,400 for the note and mortgage executed to him; that it was paid to A. W. Ellet; and that A. W. Ellet paid it to Dr. Ellet, with the consent and for the benefit of Edward Jenkins, and in satisfaction of the debt due from him to Dr. Ellet. Levis did not charge any usurious interest on the note and mortgage executed to him, nor did he get the benefit of any usurious interest, and the fact that Jenkins paid Dr. Ellet usurious interest cannot affect his rights. It made no difference to him what Jenkins did with the money. If Jenkins had even given it away, with the full knowledge and consent of Levis, still Levis could recover.

The defendant also claims that the court below erred in refusing to give to the jury a certain instruction asked for by her. There was no evidence, however, upon which to base the instruction, and therefore we think the court below ruled correctly in refusing to give the instruction.

We perceive no error in the rulings of the court below, and therefore its judgment will be affirmed.

All the Justices concurring.