## Staunton.

### VAUGHT V. RIDER, TRUSTEE, AND ALS.

#### SEPTEMBER 15th, 1887.

1. USURY—*Money loaned to pay usurious debt.*—Though every security for a usurious debt, however often renewed, is tainted by the original illegal consideration, yet a loan of money to the debtor to pay such a debt is not affected by such illegality, notwithstanding the loaner was aware of the purpose for which it was borrowed. *Coffman* v. *Miller,* 26 Gratt. 698.

2. INJUNCTION—*Dissolution—Notice—Continuance.*—On motion to dissolve injunction to sale, it is error to deny a continuance asked for by plaintiff to enable him to obtain additional material evidence to prove that the notice of sale was defective, to obtain which he had been unable by use of due diligence.

Argued at Wytheville.   Decided at Staunton.

Appeal from decree of circuit court of Wythe county, in the cause of Vaught against Rider, trustee, and Fisher. Fisher loaned Vaught $1,500 to pay an usurious debt to Lambert, and took from him a trust-deed to secure the loan.   On default of Vaught, Rider, trustee, advertised for sale the land in a mode inconsistent with that prescribed in the trust-deed.   Vaught filed his bill, alleging usury in the transaction and the defective notice of sale.   At the hearing, the court, satisfied there was no usury in the transaction, denied Vaught's motion for a continuance to obtain evidence of the defective notice, having brought himself under the rule for granting continuances, and dissolved the

injunction. And Vaught appealed to this court. Opinion states the case.

*F. S. Blair*, for the appellant.

*Crocket, Holbrook & Thomas*, for the appellees.

LEWIS, P., delivered the opinion of the court.

That every security for a usurious debt, however often renewed, is affected by the original illegal consideration, is a proposition well established and undisputed. *Drake's Ex'or* v. *Chandler*, 18 Gratt. 909; *Walker* v. *Bank of Washington*, 3 How. 62. In the present case, however, as presented by the record, we agree with the circuit judge, that whatever may have been the nature of the transactions between the appellant and Lambert, which are charged to have been usurious, the vice of usury does not enter into the transactions between the appellant and Fisher. Indeed, the bill—to which there was a demurrer—does not charge, in terms, that the Fisher debt is tainted with usury, but charges that Fisher assumed the payment of the Lambert debt with knowledge of its usurious nature. It also charges that Fisher "offered to purchase" the Lambert debt, but it does not charge that in point of fact he did purchase it, or that he acquired any interest in it. True, it is charged that the Lambert and the Fisher debts are the same—that the latter is merely a substitution or renewal of the former. But this is a conclusion not warranted by any facts set forth in the bill. Hence, there was no error in not directing an issue under the statute to try whether or no the Fisher debt is usurious, since there is nothing in the bill upon which such an issue could have been properly directed. Code 1873, ch. 137, § 12.

This is conclusive of the case upon the question of usury.

And if we look into the evidence, the deposition of the appellant himself negatives the position taken in the petition for appeal, and shows the following facts: That on the seventeenth of July, 1883, he was indebted to Lambert in a sum amounting to about fifteen hundred dollars, evidenced by bond, the payment of which was secured by a deed of trust on a tract of land in Wythe county; that Lambert being about to enforce the deed of trust, he (the appellant) applied to Fisher, who was a stranger to the original transaction, for a loan, and thereupon took from him an assignment of certain notes and bonds held by Fisher on Lambert, which aggregated the sum of fourteen hundred and ninety-six dollars, and at the same time received from Fisher four dollars in money, making in all the exact sum of fifteen hundred dollars; that for this sum he, on the same day, executed his bond to Fisher, payable two years after its date, and bearing six per cent. interest, and secured the same by a deed of trust on the track of land above mentioned. And in answer to a direct question he says, emphatically: "I do not claim that there was usury between me and Mr. Fisher. I only claim there was usury between me and Lambert." He also testifies that the notes and bonds he got from Fisher "went to satisfy the Lambert debt," and that he paid it. He does not say that there was any purchase or assignment of the debt, or that Lambert was a party to the transactions between himself and Fisher, or that the latter acquired any interest whatever in the debt; and the presumption is, though he does not say so, that the bond evidencing the debt was surrendered and cancelled; all of which shows that the debt was satisfied and extinguished, and that the Fisher bond was given upon a new consideration, and is a wholly different and distinct obligation. Nor does the fact that Fisher had notice that the debt was usurious, and that he was aware of the appellant's object in taking the assignment of the notes and bonds above

mentioned alter the case in the slightest degree. This is too plain to require discussion. *Coffman & Bruffy* v. *Miller & Co.*, 26 Gratt. 698; *Drake's Ex'or* v. *Chandler, supra*.

We are of opinion, however, that there was error in overruling the motion of the complainant to continue the case to enable him to complete his proofs. Upon this point the record shows that on the twenty-eighth of January, 1887, the further taking of testimony was continued by consent of parties until the thirty-first of the same month, and that on the twenty-ninth of the same month the motion to dissolve the injunction, theretofore awarded to restrain the advertised sale of the land under the Fisher deed of trust, was heard, pursuant to notice, by the circuit judge in vacation; that the complainant appeared and moved to continue the motion until the hearing at the following (March) term, calling attention to the agreement to continue the taking of testimony to a future day, and further supporting his motion by affidavit to the effect that he had additional and material evidence to take in the cause, which up to that time he had been unable to take, although he had used due diligence in perfecting his proofs. The motion to continue, however, was overruled, and the injunction was dissolved, because, as recited in the order, "it appears from the bill, as well as the testimony of the complainant, that the transactions between the complainant and Fisher were not usurious, whatever may have been the nature of the transactions between the complainant and Lambert."

This would be good ground for dissolving the injunction if the bill had prayed for relief on the ground of usury alone. But such is not the case. A copy of the Fisher deed of trust is exhibited with the bill, from which it appears that it was stipulated in the deed that a sale under it shall not be made until after thirty days notice of the time, place and terms of sale shall have been given by

posting notices at the front door of Wythe court-house, "and in such other manner as the said Vaught (the complainant) may desire." And the bill alleges, as one of the grounds upon which an injunction is prayed for, that only one notice of the proposed sale had been posted, and that at the front door of the court-house, eighteen miles distant from the land, and that "the complainant had no knowledge of the proposed advertisement, and was not consulted in regard to the same."

This allegation is not denied in the answers, and if it shall be established by proof, the facts alleged will entitle the complainant to an injunction to prevent the sale until proper notice shall have been given. For, under the terms of the deed, the complainant has the right to give reasonable directions as to the manner of advertising notice of sale, and hence there can be no proper advertisement until he has had the opportunity of exercising the privilege in respect thereto stipulated for in the deed. The motion to continue ought, therefore, to have been granted, and for this error the decree must be reversed, the injunction reinstated, and the cause remanded for further proceedings, in conformity with this opinion.

DECREE REVERSED.