TRIMBLE v. THORSON *et al.*

1. **Instructions**: WHOLE CHARGE TO BE CONSIDERED. It is not necessary that all the issues in a case be presented in one instruction; it is sufficient if they be fully and fairly presented in the whole charge.

2. **Promissory Note**: IGNORANCE AS TO PAYEE: ESTOPPEL. Where defendants, before they signed the note in suit, had ample opportunity to inspect it, they could not, in the absence of fraud in procuring their signatures, be heard to say that they did not know to whom it was payable, and that they supposed that they were simply renewing a usurious loan formerly made by them of another person through the same agent. ( See *Erickson v. Bell*, 53 Iowa, 629.)

3. **Agency**: EVIDENCE: POWER OF ATTORNEY. A power of attorney from a wife to a husband, which only purported to give him authority to release mortgages, was not admissible as tending to prove that he was her general agent.

4. **Usury**: LOAN THROUGH AGENT: INSTRUCTIONS. Upon the defense of usury to a promissory note, the court instructed: "If an agent ostensibly loans money for himself, but really for another, and exacts a commission in excess of the legal rate for his own benefit, without the knowledge of such other, it would not necessarily make the loan usurious, even though the borrower believed the agent was the principal." *Held* erroneous. (Compare *Eadie v. Ashbaugh*, 44 Iowa, 520, and *Erickson v. Bell*, 53 Iowa, 627.)

5. ———: FACTS NOT CONSTITUTING: LOAN THROUGH AGENT. Defendants were owing S. upon a usurious note given for a loan negotiated through J., who was the agent of S. When the note fell due J. had in his hands for investment funds of plaintiff equal to or greater than the amount of the note, and he, as agent for both S. and plaintiff, took defendants' note to plaintiff for the amount of the note to S., and also their note to himself for his commission in making the loan from plaintiff, and he charged plaintiff with the

face of the note to her, and held the money to the credit of S. Plaintiff did not authorize, consent to or share in the commission represented by the note to J. *Held* that her note was not tainted with usury, either on account of the usury in the prior debt, or on account of the commission exacted by her agent. The fact that she knew, through her agent, that the note of S., which was paid with her money, was usurious, would not taint her note with usury.

*Appeal from Montgomery District Court.*—Hon. H. E. Deemer, Judge.

FILED, MAY 23, 1890.

ACTION to recover the amount of a promissory note. The making and delivery of the note are admitted, but the defendants allege that it was given in renewal of a usurious loan, upon which the amount recoverable has been fully paid. There was a trial by jury, which resulted in a verdict and judgment for plaintiff. The defendants appeal.

*F. M. Davis* and *C. E. Richards*, for appellants.

*W. H. Redmon* and *S. McPherson*, for appellee.

ROBINSON, J.—In the year 1881, F. H. Jerome made to defendant Thorson a loan of two hundred dollars, which was subsequently increased to two hundred and seventy dollars. The loan was effected in the name of D. H. Smith, and was frequently renewed in his name for six years. The original note and each renewal note included a commission charged Thorson by Jerome for his services in making and renewing the loan. It is conceded that the Smith notes were usurious. On the twenty-eighth day of June, 1887, F. H. Jerome took from Thorson two notes in payment of the Smith paper, of which one was for $668.11, payable to Alice G. Jerome, and the other was for sixty-seven dollars, payable to F. H. Jerome. It is claimed by plaintiff that the larger of the two notes was for an original loan

made by the payee, and that the other note was for commission. On the seventeenth day of March, 1888, the note in suit was given to plaintiff for the sum of seven hundred and fifteen dollars, and, in addition, a note for seventy-two dollars was given to F. H. Jerome. It is claimed by plaintiff that the note to her was for an original loan, and that the other note was for commission. Alice G. Jerome was the wife of F. H. Jerome, and plaintiff is her sister. Appellants contend that the note to Mrs. Jerome and the one to plaintiff were merely renewals of the original loans, and tainted with usury. The evidence tends to show that, if the claim of appellants be correct, the payments made by Thorson have been sufficient to pay the amount recoverable on the Smith loans.

I. The negotiations for the loans in question were conducted on the part of the lenders by F. H. Jerome.

1. INSTRUCTIONS: whole charge to be considered. When the note to his wife and also the one to plaintiff were taken, he had in his hands money, which belonged to the respective payees of the notes, sufficient in amount to make the loans, as claimed by plaintiff. The money was obtained by Mrs. Jerome and plaintiff from the estate of their mother, and was placed in the hands of F. H. Jerome, to be loaned at ten per cent. interest. No money was paid to Thorson when the two notes last mentioned were given, but Smith was paid the amount due him when the first one was made, and the amount thereof was charged to Mrs. Jerome. When the note in suit was taken, Mrs. Jerome was credited with the amount of the note to her, and plaintiff was charged with the amount of the note in suit. The court gave to the jury an instruction in words as follows: "17. It is not necessary, in order to constitute a loan of money, as that term is used in the foregoing instructions, that the identical money which it is claimed was loaned should have been actually counted or handed over to the borrower. If F. H. Jerome, as agent, had an amount of money of others in his hands equal to or exceeding the amount which it

Trimble v. Thorson.

is claimed was loaned, and at the time of the exe-
cution of the note to the party of whom it is claimed
the money was loaned Jerome charged the amount of
said note to the party in whose favor the note was made,
this would amount to a loan of the money, provided he
surrendered to the makers the other notes executed prior
to that time.''

Appellants contend that this instruction is erroneous
in several particulars. It is said that it ignores the fact
that, although the note in suit was payable to plaintiff,
and Jerome had money in his hands which belonged to
her equal in amount to the note, and charged her with
that amount, yet the entire arrangement may have been
a mere device to conceal the real nature of a usurious
transaction. Considered alone, the instruction would
be vulnerable to the objection made ; but other portions
of the charge clearly instruct the jury that the law will
not tolerate any scheme, artifice or device made to con-
ceal usury, no matter what form it may be made to
assume, and that an agreement to pay a commission in
addition to the highest legal rate of interest, if made
to conceal a usurious contract, would be invalid. The
court not only stated to the jury the general rules in
regard to usury, but instructed them that if the note in
suit was made payable to plaintiff, to enable Jerome
to exact more than a legal rate of interest, it is usurious.

The further objection to the instruction is made
that it makes the transaction which was concluded by
the giving of the note in suit a loan from
plaintiff, even though she was not known
to defendants as the payee of the note when
they signed it. Appellants insist that they
did not know plaintiff in the transaction; that the
evidence on their part shows that the note in suit and
the note to Mrs. Jerome were mere renewals of the
Smith loan ; that new loans were not contracted for by
defendants ; that Jerome could not make the transac-
tion a new loan by making entries in his books of which
they had no knowledge, and to which they did not

2. PROMISSORY
note: igno-
rance as to
payee: es-
toppel.

consent; and that the instruction, in effect, prevented the jury from determining the disputed questions of fact. It is true that Jerome could not give to the transaction between the defendants and his wife, and defendants and the plaintiff, a character which the defendants did not authorize; but when they signed the notes they had notice that they were no longer dealing with Smith, but with the payees of the notes. *Erickson v. Bell*, 53 Iowa, 629. It is not claimed that defendants were in any manner misled, nor that any fraud was practiced upon them in procuring their signatures to the new notes. They had ample opportunity to inspect them before they were signed. If it was true, as claimed by plaintiff, that the note to Mrs. Jerome and the note in suit were for new loans, and not merely to renew old ones, defendants were chargeable with knowledge of the facts, and cannot now be heard to deny them. They cannot be heard to say that they did not intend to make new loans, and that they merely authorized an extension or renewal of the old, nor that the new notes were not given in payment of the preceding ones, to the prejudice of plaintiff. We conclude that the instruction under consideration, when read and construed in connection with other portions of the charge, and as applied to the facts in this case, is not erroneous.

II. Appellants complain of the refusal of the court to admit in evidence a power of attorney from Alice G. Jerome to her husband. It is said that it would have tended to prove that the husband was the general agent of the wife; that a general agent cannot exact of the borrower a commission in excess of the legal rate of interest on a loan made for the principal without making the transaction usurious, and, therefore, that the evidence in question should have been received. But the power of attorney only purported to give to the husband authority to release mortgages which had been recorded in the state of Iowa. It had no tendency to prove a general agency.

3. AGENCY: evidence: power of attorney.

III. The fourth paragraph of the charge is as follows : "4. Where an agent intrusted with money to invest at a legal interest exacts a bonus for himself as a condition for making a loan, without the knowledge or consent of his principal, this does not constitute usury in the principal, for the reason that the lender does not, under such circumstances, either expressly, impliedly or apparently authorize the agent to do an illegal act; and in such case it can make no difference that the agent professed to take it for the lender, so long as he has no authority, either express or implied, to do so. If the agent ostensibly loans the money for himself, but really for another, and exacts a commission in excess of the legal rate for his own benefit, without the knowledge of such other, it would not necessarily make the loan usurious, even though the borrower believed the agent was the principal." We think this portion of the charge is erroneous. If the agent, without authority, professes to take a bonus in the name of his principal which is in excess of the legal rate of interest, and the principal accepts the benefits of the agency, he makes the illegal act his own. When the agent loans in his own name the money of his principal, and exacts a commission in excess of the legal rate of interest, the borrower believing the agent to be principal, and having no notice to the contrary, the loan would be usurious. *Eadie v. Ashbaugh*, 44 Iowa, 520 ; *Erickson v. Bell*, 53 Iowa, 627. But we think the record shows affirmatively that the instruction could not have been prejudicial. As already stated the notes to Mrs. Jerome and to plaintiff gave to defendants notice that they were no longer dealing with Smith. They also gave them notice that F. H. Jerome was acting as agent only. The jury found specially that on the fourth day of August, 1887, when the note to Mrs. Jerome was given, her husband had in his hands, as her agent, the amount of money covered by the note, to loan for her ; that the

*Margin notes:* 4. Usury: loan through agent: instructions. — 5. ——: facts not constituting: loan through agent.

note was delivered to him on or about the date named; that he then charged her with the amount of the note; and that the commission represented by the sixty-seven-dollar note taken at that time was not authorized, consented to, or shared in, by Mrs. Jerome. The jury also found especially that at the time the note in suit was given F. H. Jerome had in his hands, for loaning, money of plaintiff in an amount equal to, or greater than, the amount of the note; that about the time the note was given Jerome charged plaintiff with its amount, and that plaintiff did not authorize, consent to, nor share in, the commission represented by the seventy-two-dollar note taken at that time.

The facts admitted of record and those found specially by the jury show that the note in suit was not usurious. No special authority was required for F. H. Jerome to make the entries on his books showing payment to his wife and a charge to plaintiff. Defendants authorized it on their part by their admitted acts, and it is not questioned by the plaintiff.

IV. What we have said disposes of the controlling questions in the case. So far as the instructions asked by defendants were correct, they were embodied, in substance, in the charge as given to the jury. The evidence as to some of the issues of fact was conflicting, and it was the province of the jury to determine the material facts; and we think their decision is supported by the evidence. The fact that plaintiff, through her agent, knew that the transactions with Smith were usurious would not taint her note with usury if the Smith notes were paid with money paid by herself or by Mrs. Jerome in good faith. It was not necessary that money should be counted out and paid over to defendants. It was sufficient if there was such an adjustment of accounts with Jerome as operated in good faith to charge the payee of the new note for its amount, and satisfy to that extent the claim of the holder of the old one. The judgment of the district court is                                        AFFIRMED.