GEORGE O. YEISER v. S. W. FULTON ET AL.

FILED MARCH 29, 1893.   NO. 4358.

Action on Note: USURY: EVIDENCE.   *Held,* That the evidence sustains the plea of usury, and that the plaintiff was entitled to recover a sum equal to the amount of money loaned, less $11.25 paid by the defendant as interest.

ERROR from the district court of Webster county.  Tried below before GASLIN, J.

*John O. Yeiser* and *G. R. Chaney,* for plaintiff in error.

*Case & McNeny, contra.*

NORVAL, J.

This action was brought by George O. Yeiser on a promissory note for the sum of $250, executed by S. W. Fulton, Everett Harrison, and W. C. Richardson.   The petition is in the usual form.   The answer of the defendant Fulton sets up the defense of usury, alleging that he had paid the sum of $85.25 as usurious interest on the note. For reply the plaintiff admits that he charged and received $11.25 usurious interest, and denies each and every allegation contained in the answer of Fulton.   The other two defendants, Harrison and Richardson, filed an answer alleging that they signed the notes merely as sureties for their

co-defendant Fulton.   The cause was tried to a jury, who returned a verdict for the plaintiff for $164.75, and judgment was rendered thereon.   The plaintiff prosecutes error, alleging that the verdict is not supported by the evidence.

The facts are undisputed and are briefly stated as follows: The defendant Fulton borrowed, at what date the record fails to disclose, the sum of $500 of the Farmers'& Merchants Banking Company of Red Cloud, on ninety days' time, and agreed to and did pay, for the use of the money, interest at the rate of one and a quarter per cent per month. He renewed the note from time to time, the bank charging him interest at one and a half per cent a month, which was paid by the defendant.   Finally Fulton paid all the interest and $250 on the principal, and gave a new note for $250, upon which the defendant agreed to and did pay interest at the rate of two per cent a month.   The total amount of interest paid the bank on the loan is $74.   After the last renewal note became due, Fulton wrote the bank asking that the time of payment be extended, to which Mr. Garber, the cashier of the bank, sent the following letter in reply:

"FARMERS & MERCHANTS BANKING CO.

"Capital, $50,000.   Stockholders' Liability, $100,000.

"RED CLOUD, NEB., Sept. 15, 1888.

"*S. W. Fulton, Bladen, Neb.*—DEAR SIR: Replying to yours of the 13th inst., we do not feel like renewing your note again after your definite proposition to settle, made us May last.   We appreciate your misfortune, and have taken steps looking to your receiving the amount at, I think, a less rate of discount than we can grant.   G. O. Yeiser has money at present.   I have told Mr. Yeiser that you want $250 and will give Everett Harrison and W. C. Richardson as security, and have recommended it as first class paper.   If Mr. Yeiser grants you the loan you can intrust him to take your note up with us with the proceeds

of the loan and remit the canceled note to you. Your note and interest amounts to $255.37, if paid by the 20th.

"Yours truly,          W. S. GARBER, *Cashier.*"

The plaintiff also wrote Mr. Fulton a letter, of which the following is a copy :

"RED CLOUD, NEB., Sept. 15, 1888.

"*S. W. Fulton, Bladen, Neb.*—DEAR SIR : Mr. W. S. Garber has just spoken to me to loan you $250. I have drawn a note for you to sign. Have Everett Harrison and W. C. Richardson also sign with you. I will charge you $1\frac{1}{2}$ per month. Please send draft for discount, $11.25, with note signed, to Farmers & Merchants Bank, where I do my business, and it will receive immediate attention.

"Truly,          GEO. O. YEISER."

With the letter was enclosed the note in suit, which, after being signed by the defendants, was returned to the plaintiff. · The defendant Fulton also at the same time sent a draft to the plaintiff for $11.25, as interest on the $250 loan for ninety days. No other payment thereon was ever made. On the receipt of the note by Yeiser, he paid off the defendant's note held by the bank. It is also stipulated in the record that Yeiser was one of the directors of the bank at the time it made the loan to the defendant, and also at the time of the several renewals thereof, and knew that usurious interest was collected by the bank on such renewals.

It appears from the special findings returned by the jury that they decided the case upon the theory that the note in suit was taken in plaintiff's name, in pursuance of some arrangement or agreement entered into between him and the officers of the bank, as a shift or device for the purpose of evading the usury laws of the state, and that the bank was in fact the owner of the note. It is patent that the verdict could not have been reached upon any other theory, inasmuch as by deducting from the face of the note the sum of $85.25, which is the aggregate amount of in-

terest paid by Fulton to both the bank and the plaintiff, leaves $164.75, the exact sum assessed by the jury. There is no dispute but that the note given to the plaintiff is tainted with the vice of usury, and it was proper for the jury to apply on the principal the sum of $11.25 which, was paid by the defendant as interest on the note; but the evidence did not justify the jury in also deducting the amount of interest which the defendant had paid to the bank on a usurious loan obtained from it. There is not to be found in the record sufficient evidence upon which to base a conclusion that in the taking of the note in question there was any collusion between the plaintiff and the bank, or that the note was taken in Yeiser's name for the purpose of escaping the penalty for taking usurious interest.

We have no right to presume that the intention of the parties was to evade the law. It is reasonable to suppose, if the object in taking the note in the name of Yeiser was merely a device to avoid the defense of usury, that the plaintiff would not have written to the defendant as he did, proposing to charge the defendant on the loan a greater rate of interest than the maximum allowed by law. The evidence shows that the money was actually loaned by the plaintiff in good faith for the purpose of paying defendant's note at the bank and that the money was so applied. The fact that Yeiser was a director in the bank, and loaned Fulton the money to pay his usurious debt to the bank, which was known by the plaintiff at the time to be usurious, is not alone sufficient to authorize the defendant to set up as a defense to this action the usurious transaction between himself and the bank.

The plaintiff under the evidence was entitled to recover the sum of $238.75, without costs. The judgment of the court below is reversed and the case remanded.

REVERSED AND REMANDED.

THE other judges concur.