*R. H. Powell & Son*, contra.

---

## THOMPSON *v.* FIRST STATE BANK OF DAWSON.

*Lumpkin, J.*—1. Where the lender of money neither charges nor receives any more than the legal rate of interest, the fact that the money was, with his knowledge, borrowed for the purpose of paying a debt infected with usury due by the borrower to a third person, does not make the loan usurious.

2. There was no error at the trial, and the evidence demanded the verdict which the court directed.          *Judgment affirmed.*

November 16, 1896. Argued at the last term.

Complaint on note.     Before Judge Griggs.     Terrell superior court.     November term, 1895.

The first State Bank of Dawson sued S. M. Thompson, April 29, 1895, upon a promissory note for $2,300 principal, dated January 17, 1893, due February 1, 1898, bearing interest at 8 per cent., payable semi-annually, as per attached coupons, each of which was a promise to pay $92, signed by the defendant.     The earliest of these appearing on the note as attached to the declaration was due on the first of August, 1895; the other five at intervals of six months up to and including the first of February, 1898. The name of R. L. Saville appeared as a witness on the principal note, but not on the coupon notes.     The declaration alleged, that at the time of executing the principal note, the defendant executed, in addition to the six coupons appearing therewith, three other notes for $92 each, to become due in 1893 and 1894, and which were due and unpaid; that on the same day a contemporaneous writing was executed by plaintiff to defendant, wherein it agreed to make him title to certain land upon payment of said notes when they fell due; and that it was stipulated in said writ-

ing, that upon failure of defendant to pay either of said notes when they became due, all said notes were to fall due. The pleas were, not indebted, and usury. The court directed a verdict in favor of the plaintiff for $2,300 principal, and $147.15 interest to November 18, 1895; and overruled a motion by defendant for a new trial.

In evidence appeared the note and coupons sued on, and a bond for title from plaintiff to defendant, binding it to make him a deed to certain land described, on payment by him of said note for $2,300 and the ten coupon notes for $92 each, due on the first of August, 1893, the first of February and August, 1894, 1895, 1896, and 1897, and the first of February, 1898. This bond stipulated that if defendant failed to pay at maturity any one of said coupon notes, then all of said notes were to be and become due and payable. Plaintiff tendered in evidence a coupon for $92, signed by defendant, dated January 17, 1893, and due February 1, 1895; and J. R. Mercer (formerly the president of the plaintiff bank) testified that said coupon was one of the ten original attached to the note sued on, and was detached since it fell due, in order to have suit thereon, and was in the attorney's hands for that purpose. Defendant objected to this coupon on the grounds: (1) that there was no allegation in the declaration to authorize its introduction; and (2) that its execution could not be proved by Mercer, but only by Saville whose name appeared as witness to the principal note, and who was not called nor accounted for. The objection was overruled.

Defendant testified: I owed J. R. Mercer an account for some $38, and owed J. B. Perry $1,500 and interest thereon for one year. Perry charged me eleven per cent., which made the principal and interest claimed by him amount to $1,665. Mercer stated to me that he would arrange to get me a long loan, so that I could pay both him and Perry. I agreed to this, and signed the notes sued on, and made a deed to my land to secure the same to

the plaintiff bank, and took bond for title for the same from the bank. The whole purpose and intention of the transaction was to pay the two debts aforesaid. I got no money from either of them, and did not expect any. I signed the note and deed, and Mercer gave me a check for $2,200. I gave the check to Perry in payment of the $1,665 I owed him. He did not let me have any money at that time, nor has he let me have any since on said check. I knew the note was for more than the two debts, and that the check was for more than I owed Perry. I went into the transaction just as it was made out by Mercer, because he told me that it must be done that way, and I had confidence in him and thought he would do what was right about it. I thought he knew I owed Perry only $1,500 and interest for one year, and that Perry charged me eleven per cent. per annum as interest. At that time Mercer was president of the bank, and Perry had his office therein.

Mercer testified: I had arrangements with a loan company, by which the bank could negotiate long loans by indorsing the papers; and defendant made proper papers to get the bank to make him a long loan. At that time he owed me a small amount in my warehouse business, and owed Perry a considerable amount, which he wanted to pay. He fixed up the papers, and I gave him a check for something over $2,200, after deducting from the $2,300 the amount he owed me. Perry was not then an officer of the bank, but is now president of it.

Perry testified: Defendant brought me the check for something over $2,200, which I took in settlement of what he owed me. Beside the debt of $1,665 which he has testified about, he owed me some other amount—I do not now remember how much—which was settled by the check; and my recollection is that I paid him a small amount of cash, the difference between what he owed me and the amount of the check. I had a connection with the bank at that time. Mercer is my son-in-law.

Plaintiff introduced the application of defendant for the loan, in which it was stated, among other things, that the loan was to be used for the purpose of removing encumbrances from the land therein described and conveyed as security for the loan.

The grounds of the motion for a new trial are, that the verdict is contrary to law and evidence; that there was evidence sufficient to require the case to be submitted to the determination of the jury, instead of ordering the verdict in plaintiff's favor; and that the court erred in overruling defendant's objection to the admission of the coupon note before referred to.

*James G. Parks*, for plaintiff in error.
*J. H. Guerry* and *J. A. Laing*, contra.