## KING v. LANE.

No. 6836—Opinion Filed Nov. 6, 1917.

Rehearing Denied Dec. 11, 1917.

(169 Pac. 901.)

**1. Trial—Directed Verdict—Opening Statement.**

Where the plaintiff's petition states facts sufficient to constitute a cause of action, and plaintiff's reply to the defendant's answer is sufficient in law, it is error for the court to peremptorily instruct the jury to return a verdict for the defendant upon the opening statement by counsel for the plaintiff and the pleadings, unless the opening statement contains distinct and unequivocal admissions which would bar recovery.

**2. Usury—Loan to Pay Usurious Debts.**

Where the lender neither charges nor receives any more than legal interest, the fact that the money is used to pay usurious debts due from the borrower to a third person does not render the loan usurious, though the lender knows at the time of the loan that the money is borrowed for the purpose of paying such usurious debts.

(Syllabus by Pryor, C.)

Error from County Court, Lincoln County; H. M. Jarrett, Judge.

Replevin by L. A. King against T. N. Lane. Judgment for defendant upon a directed verdict, and plaintiff brings error. Reversed and remanded, with direction to grant a new trial.

Erwin & Erwin, for plaintiff in error.

Burford & Burford, for defendant in error.

Opinion by PRYOR, C. This is a replevin action commenced on the 23d day of October, 1913, by L. A. King, plaintiff in error, against T. N. Lane, defendant in error, for the recovery of the possession of certain chattels under and by virtue of a chattel mortgage given to secure the payment of a certain promissory note. The petition sets forth the execution of the note and the default in the payment thereof, and the execution of the mortgage and the breach of the terms of the mortgage by reason of the failure to pay when due the amount secured, and there is a copy of the note and mortgage attached thereto, and asks judgment for the possession of the property included in said mortgage.

The defendant in error interposes as a defense that he does not know the plaintiff, and never had any business transaction with her, was never indebted to her in any sum, and never, with his knowledge, executed any mortgage or note in her favor; that he is unable to read and write, although he can write his name; that he borrowed the amount of money named in the note set out in plaintiff's petition from L. P. King, who, he is informed, is the husband of L. A. King; that all the transactions in regard to said note were with the said L. P. King; and that he did not knowingly execute a note and mortgage to the plaintiff in error, L. A. King. And for a further defense to said action he alleges various transactions wherein the defendant borrowed money from the said L. P. King, and charges that the said L. P. King charged and collected usurious interest on all the prior loans, which amounted to enough, taken together with the amounts credited on the note in question, to pay said note in full; that the said L. P. King fraudulently and wrongfully made said note and mortgage sued upon payable to the said L. A. King without the knowledge and consent of the defendant.

The plaintiff in error in reply alleges that the money advanced to the defendant on the note and mortgage in controversy was advanced by her and out of her own separate funds, and that she knew nothing whatever about prior transactions between the defendant in error and L. P. King, and that she had no knowledge or notice, if such were the fact, that L. P. King had charged the said usurious interest on any loans that he might have made to the defendant, and that at the time of the execution of said note and mortgage the said L. P. King, who was acting as the agent of the plaintiff in error, refused to loan the defendant in error the money or give him an extension of time for the payment of the amounts due, but informed him that he had money to loan belonging to another party that he would loan him, with the proper security, to discharge the indebtedsess due the said L. P. King; that the defendant agreed to and executed the note and mortgage and examined them before signing them, and that the plaintiff in error is not informed whether or not the defendant in error is able to read and write.

The cause was regularly called for trial, and a jury was selected and impaneled to try the issues joined by the pleadings above referred to. Upon the conclusion of the opening statement by counsel for the plaintiff in error the defendant in error moved the court to instruct the jury to return a verdict for defendant upon the pleadings and opening statement of counsel. The court thereupon instructed the jury as follows:

"Gentlemen of the jury, motion has been made by counsel for defendant for a peremptory instruction to the jury to return a verdict for the defendant upon the pleadings of plaintiff and statement of counsel to the jury, and the court has sustained that motion upon the grounds that the allegations in plaintiff's petition have not been denied as to the usury charge and statement as admitted on the statement of counsel and the pleadings in said cause, and the jury are therefore directed to return a verdict for the defendant."

To which the plaintiff in error excepted. The jury returned a verdict in accordance with the peremptory instruction of the court, upon which the court rendered judgment for the defendant for costs expended and the plaintiff in error prosecutes her appeal in this court for reversal.

The only question involved on appeal and necessary for consideration is whether or not the court erred in peremptorily instructing the jury to return a verdict in favor of the defendant upon the pleadings and opening statement of counsel for the plaintiff in error. There is no contention made here or in the trial court by the defendant that the petition does not state facts sufficient to constitute a cause of action. The sufficien-

cy of the reply of plaintiff to the defendant's answer is challenged by the defendant's motion for judgment on the pleadings and opening statement of plaintiff.

The Supreme Court of this state, in the case of Sullivan v. Williamson et al., 21 Okla. 844, 98 Pac. 1001, held:

"Where the petition states a cause of action, it is error to sustain a motion to dismiss the cause and render judgment against the plaintiff upon the opening statement of his counsel."

And in discussing the proposition the court uses the following language:

"The petition stating a good cause of action, it was error for the court below to sustain a motion to dismiss the cause and render judgment against the plaintiff upon the opening statement of his counsel. 'Such a motion will not be granted merely because counsel failed to state in his opening statement facts sufficient to constitute a cause of action.' Stewart v. Hamilton, 3 Rob. (N. Y.) 672. A dismissal at the opening on the strength of the insufficiency of the statements of counsel for plaintiff is erroneous, as the evidence might, notwithstanding the opening statement, warrant a recovery. Fisher v. Fisher, 5 Wis. 472; Haley v. Western Transit Co., 76 Wis. 344, 45 N. W. 16. Counsel for defendants in error cite no authorities sanctioning a nonsuit upon the opening statement of counsel. None of the code states, so far as we are aware, have adopted such practice. The almost universal rule is that motions for dismissal or nonsuit must be predicated upon matter apparent in the record. The opening statement of counsel is never part of the record, unless made so by bill of exceptions or some other appropriate proceeding, and it is rare indeed that the opening statement is ever preserved for the purpose of predicating error upon it. In this case it was not preserved, so we have no means of knowing upon what facts the court granted a nonsuit.

"As the petition states a cause of action, the court below should have permitted the cause to proceed to trial upon the issues joined by the pleadings. Not to do so was error, for which the cause must be reversed, and remanded for a new trial."

The above case meets squarely every contention made by the defendant in error in his answer to the contention of the plaintiff in error that the court erred in peremptorily instructing the jury to return a verdict for the defendant upon the pleadings and opening statement of counsel for plaintiff in error. Certainly it was error for the court to so instruct the jury upon the grounds that the counsel for plaintiff in error in his opening statement had failed to deny matters contained in the answer of the defendant in error, as this more properly would be done in reply to the opening statement of the defendant.

In the reply of the plaintiff to the answer of the defendant, replying to that portion of the defendant's answer wherein he charges that in various transactions between the defendant and L. P. King that L. P. King had charged the defendant usurious interest which is equal to the amount of the notes involved in this action, the plaintiff admits that L. P. King acted as her agent; that the money advanced on said note was out of her separate funds, and that the defendant understood that he was borrowing money other than that belonging to the said L. P. King and funds belonging to another person; that the transaction was open, fair, and the defendant understood fully the particulars and nature of said transaction; that the plaintiff knew nothing of any prior transaction between the defendant and the said L. P. King; and that she had no interest whatever in the alleged loans made to the defendant by the said L. P. King. While the legal sufficiency of this reply was not raised directly by motion or demurrer by the defendant, it is the contention of the defendant that the motion for judgment on the pleadings and opening statement sufficiently raised this question, and that the defendant is entitled to have this question passed on. This presents the question for determination whether or not, where one has borrowed money from another with which to pay a usurious indebtedness and executed his note for the payment of the loan, the borrower can set up as a defense against an action on said note that the proceeds thereof were used to pay a usurious indebtedness when the lender has knowledge that such loan is being made for the purpose of paying the usurious indebtedness.

It is contended by the defendant that knowledge of the plaintiff's agent, L. P. King, that the money borrowed from the plaintiff was used in the settlement of a usurious indebtedness, is to be imputed to the plaintiff. If it is true, as contended by the defendant, that the proceeds of the loan were to be used by the agent to pay himself an unlawful claim, such as would render the plaintiff's loan illegal and the payment unenforceable, and this with the understanding and consent of the defendant, the agent's position is adverse to that of the plaintiff, and such knowledge would not be imputable to the plaintiff. But for the purpose of determination of the question

raised it may be assumed that the plaintiff had knowledge of the application of the proceeds of the loan.

Section 1005, Revised Laws 1910, provides:

"The taking, receiving, reserving or charging a rate of interest greater than is allowed by the preceding section shall be deemed a forfeiture of twice the amount of interest which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case a greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover from the person, firm or corporation taking or receiving same, in an action in the nature of an action of debt, twice the amount of the interest so paid. * * * "

There is no charge by the defendant that the plaintiff has been paid or has taken, received, reserved, or charged any interest greater than allowed by law, or that the note and mortgage involved in this controversy are usurious.

The above section forfeits twice the amount of usurious interest taken, received, reserved, or charged, and, where the party has paid usurious interest, gives him a right of action in the nature of debt against the one to whom it is paid to recover twice the amount so paid. The remedy provided for by the statute is in the nature of a penalty, and it has been held by our court that the remedy is personal, and that the person who has paid the usurious interest may waive the same. The purpose of the law is to penalize the person, firm, or corporation who has charged or received the usurious interest. This court has never passed on the question involved here, but all the courts have held, so far as a diligent search of the law reports disclose, that where a person borrows money for the purpose of paying off a usurious note or indebtedness, he cannot set up the fact that the loan was for the purpose of paying off such usurious indebtedness against the lender, and thereby defeat his recovery, and that notwithstanding the lender had knowledge that the loan was being made to enable the borrower to pay to another person a usurious debt, and there seems to be no holding to the contrary.

"Where the lender neither charges nor receives any more than legal interest, the fact that the money is used to pay usurious debts due from the borrower to a third person does not render the loan usurious, though the lender knows at the time of the loan that the money is borrowed for the purpose of paying such usurious debt." 29 Am. & Eng. Enc. of Law.

This text is fully supported by the following cases: 39 Cyc. 999; Call v. Palmer, 116 U. S. 98, 6 Sup. Ct. 301, 29 L. Ed. 559; Trimble v. Thorson, 80 Iowa, 246, 45 N. W. 742; Yeiser v. Fulton, 36 Neb. 518, 54 N. W. 824; Thompson v. Bank, 99 Ga. 651, 26 S. E. 79; Vaught v. Rider, 83 Va. 659, 3 S. E. 293, 5 Am. St. Rep. 305; Jenkins v. Levis, 25 Kan. 479; Lowe v. Walker, 77 Ark. 103, 91 S. W. 22.

The facts in the foregoing cases are, if not identical with the instant case, so similar that the principles announced in those cases are decisive of this case, especially the facts in the case of Trimble v. Thorson seem to be identical with the facts in this case.

Under the above authorities it seems that the principle of law is well settled that the matter of usury is a question exclusively between the person paying the same and the person charging or receiving the same. If the defendant used the money for the purpose of paying off a usurious debt, this was his own privilege, and it did not concern the plaintiff. And if he paid a usurious indebtedness to L. P. King his cause of action for the recovery of the same is against L. P. King, and not against the plaintiff.

The defendant relies on the case of First State Bank v. Bridges, 39 Okla. 355, 135 Pac. 378, as an authority in this case. In that case Bridges sued the bank to recover usurious interest paid. The bank admitted the taking and receiving of usurious interest, but denied that it "knowingly and corruptly" received the same, but admitted that its cashier, who consummated the usurious loan and accepted the usurious notes as cashier of the First National Bank; and which was later merged with the First State Bank, and who collected the notes for the First State Bank as its cashier, the notes having been assigned to the First State Bank, had knowledge of the usury and the receiving of the same by the bank. Under these facts the court held the bank liable. The facts in this case are entirely different.

It must therefore be held that the reply of the plaintiff to the answer of the defendant states facts sufficient to constitute a defense to the new matters alleged in defendant's answer.

Therefore this cause should be reversed and remanded, with directions to grant a new trial.

By the Court: It is so ordered.